**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02123-REB-KMT

OYZHANA WILLIAMS,

      Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity;
JOSE ORTIZ, Aurora Police Officer, in his individual capacity,

      Defendants.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

      The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for November 16 at 10:00 am in front of Magistrate Judge Tafoya. Appearing for the parties are:

Counsel for Plaintiff OyZhana Williams
Adam Frank
Faisal Salahuddin
FRANK & SALAHUDDIN LLC
1741 High St.
Denver, CO 80218
P: 303-974-1084
F: 303-974-1085
adam@fas-law.com
faisal@fas-law.com

Counsel for Defendants Michael Hawkins and Jordan Odneal
Michael T. Lowe
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver CO 80202
(303) 831-1099
Fax: (303) 831-1088
mlowe@brunolawyers.com

Counsel for Defendant Jose Ortiz
Jonathan M. Abramson
Kissinger & Fellman, P.C.
3773 Cherry Creek North Drive. #900
Denver CO 80209
(303) 320-6100
Fax: (303) 327-8601
jonathan@kandf.com

## 2.  STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. This Court possesses subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, and 2201-02. Plaintiff seeks relief in the nature of mandamus, 28 U.S.C. § 1361. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):

On December 22, 2015, OyZhana Williams brought her boyfriend to the emergency room after he was the victim of a gunshot wound. The defendants are Aurora Police Department officers who showed up to the emergency room to investigate

2

the shooting. As demonstrated by video surveillance from the emergency room waiting room, Ms. Williams spoke with Sgt. Hawkins and answered his questions. She was calm and cooperative throughout this conversation. Sgt. Hawkins asked Ms. Williams' permission to search the car she used to drive her boyfriend to the hospital and she allowed him to search. Ms. Williams then went back inside the hospital. A while later, she came out to accompany her boyfriend's gurney to an ambulance that was transporting him from the neighborhood emergency room to the main hospital for surgery. She then went back inside the hospital. Ms. Williams did nothing wrong. She had broken no laws and was not a suspect in the investigation of any crime.

A short time later, Ms. Williams and Sgt. Hawkins walked back out of the emergency room. Sgt. Hawkins had Ms. Williams stand by the rear driver's side door of his patrol car. Ofc. Odneal exited the driver's seat of the same patrol car and stood by his door. Sgt. Hawkins then made an illegal demand that Ms. Williams give him her keys. Sgt. Hawkins had no reason to believe the keys were evidence of any crime. He knew his demand for the keys was illegal. Ms. Williams initially refused but ultimately complied with Sgt. Hawkins' illegal order. To comply with Sgt. Hawkins' illegal demand for her keys, Ms. Williams dropped the keys in front of Sgt. Hawkins. At this point, Ms. Williams had still done nothing wrong.

In spite of the fact that Ms. Williams had done nothing illegal, Sgt. Hawkins decided to assault Ms. Williams. Ms. Williams tried to retreat into the back seat of the police car, but Sgt. Hawkins grabbed her and threw her out of the car. Sgt. Hawkins

3

choked Ms. Williams, using his forearm across her throat. He bent her backwards over the trunk of his police car and tried to throw her on the ground by her neck. He stuck his leg out and Ofc. Odneal tackled Ms. Williams over Sgt. Odneal's leg, driving her head into the pavement. This entire encounter was recorded by the emergency room's security cameras. The video shows Ms. Williams' head slamming into the pavement. At this point, Ofc. Ortiz and one other officer ran up to handcuff Ms. Williams. Once they arrived, Sgt. Hawkins released his hold on Ms. Williams. Rather than walk away, Sgt. Hawkins walked up to Ms. Williams' head and stomped on it.

To cover up the assault on Ms. Williams, Sgt. Hawkins, Ofc. Odneal, and Ofc. Ortiz each wrote police reports that contained false or deliberately misleading accounts of the assault. Each claimed that Ms. Williams was the aggressor. Ofc. Ortiz wrote a probable cause affidavit in which he falsely claimed that Ms. Williams had assaulted Sgt. Hawkins. Based on this false affidavit, Ms. Williams was charged and prosecuted for assaulting Sgt. Hawkins, even though there was no probable cause to support this charge. All charges against Ms. Williams were ultimately dismissed prior to trial by the District Attorney.

Ms. Williams spent seven days in jail on the false charges before she was able to post bond. This included spending Christmas in jail. She suffered concussion symptoms for months after the assault. She then spent the next ten-and-a-half months fighting the false charges before they were all dismissed.

Based on these facts, Ms. Williams is bringing a § 1983 excessive force claim

4

against Sgt. Hawkins and Ofc. Odneal, a § 1983 unlawful seizure claim against Sgt.

Hawkins for his illegal seizure of her keys, a § 1983 unlawful arrest and detention claim

against all defendants, and a § 1983 malicious prosecution claim against all defendants.

b.      Defendant(s):

On December 22, 2015, Defendant Aurora Police Officers Hawkins, Odneal and

Ortiz were dispatched to investigate the arrival of an individual with a gunshot wound at

the UC Health Emergency Room located at 15300 East Mississippi Ave. in Aurora,

Colorado. The three individuals associated with the gunshot victim, including Plaintiff

OyZhana Williams, were uncooperative with the investigation. During the course of the

investigation, Plaintiff Williams became physically resistive and was subdued,

handcuffed, and placed under arrest.

At all times relevant to the Complaint, the actions of Defendants Hawkins,

Odneal and Ortiz were undertaken in good faith and based on their reasonable belief in

the legality of their actions in the circumstances confronting them. Defendants are

therefore entitled to qualified immunity with respect to Plaintiff's claims, as Plaintiff is

unable to demonstrate Defendants violated any constitutional rights which were clearly

established at the time of the events giving rise to Plaintiff's Complaint.

Defendants are further entitled to public official immunity. Defendants were

properly exercising their public duties pursuant to C.R.S. § 18-1-701, and were properly

exercising their police powers and authority vested in them pursuant to C.R.S. §§ 16-3-

101-103 and C.R.S. §§ 18-1-701, 704 and 707 when they made contact with the

Plaintiff.

Plaintiff is unable to demonstrate an entitlement to punitive damages against Defendants under federal law.

Defendants assert that Plaintiff's Complaint fails to state claims upon which relief may be granted; that the Plaintiff failed to mitigate her damages; that Defendants are entitled to Qualified Immunity as no constitutional deprivation has occurred, they did not violate clearly established law of which a reasonable police officer would have known, and their actions were undertaken at all times with a good faith belief in the lawfulness of their actions; Plaintiff's claims against Defendants are substantially frivolous, groundless, and vexatious, entitling Defendants to recover their reasonable expenses, including attorneys' fees, pursuant to 42 U.S.C. §12205, C.R.S § 13-17-101, et seq., and Fed. R. Civ. P. Rule 11; that Plaintiff's injuries, damages or losses, if any, are the result of the Plaintiff's own negligence or unlawful conduct, or the negligence or unlawful conduct of a third party or parties over whom Defendants had no control; that Plaintiff has failed to allege and cannot establish an affirmative link between the actions of Defendants and the constitutional injury complained of; that the actions of the Defendant Officers were in furtherance of legitimate law enforcement purposes; that subject matter jurisdiction is lacking inasmuch as Plaintiff's claims fail to rise to the level of deprivations of federal constitutional rights; that the actions of Defendants were reasonable and lawful based upon the information provided to them pursuant to the "Fellow Officer Rule;" and that based upon all Defendant Officers' joint investigation,

6

probable cause existed for the crimes alleged against Plaintiff.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

- Jurisdiction and venue are proper in this Court.

- OyZhana Williams is a citizen and resident of Colorado.

- Mike Hawkins is a citizen and resident of Colorado.

- Jordan Odneal is a citizen and resident of Colorado.

- Jose Ortiz is a citizen and resident of Colorado.

- OyZhana Williams was present at the UC Health Emergency Room at 15300 E. Mississippi Ave. and/or its parking lot on December 22, 2015.

- Mike Hawkins was present at the UC Health Emergency Room at 15300 E. Mississippi Ave. and/or its parking lot on December 22, 2015.

- Jordan Odneal was present at the UC Health Emergency Room at 15300 E. Mississippi Ave. and/or its parking lot on December 22, 2015.

- Jose Ortiz was present at the UC Health Emergency Room at 15300 E. Mississippi Ave. and/or its parking lot on December 22, 2015.

- All defendants were acting under the color of state law at the times of the allegations set forth in the Complaint.

## 5.  COMPUTATION OF DAMAGES

Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional

distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and

suffering on all claims allowed by law; all economic losses on all claims allowed by law;

punitive damages on all federal claims allowed by law; attorneys' fees and the costs

associated with this action on all claims allowed by law; pre- and post-judgment interest

at the lawful rate; and any further relief that the court deems just and proper, and any

other relief as allowed by law.

A more precise computation of Plaintiff's damages, to the extent Plaintiff's

damages are subject to such computation, will be provided during the normal course of

discovery, and will be determined by a jury in its sound discretion following a

presentation of the evidence at trial in this matter.

Defendants are incurring damages in the form of attorneys' fees, expenses and

court costs. Defendants' damages are ongoing, continuous and therefore not readily

determined.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.    Date of Rule 26(f) meeting:  **October 25, 2017**

b.    Names of each participant and party he/she represented.

Plaintiff: OyZhana Williams was represented by Adam Frank and
Faisal Salahuddin

Defendant Ortiz: Represented by Jonathan Abramson

Defendants Hawkins and Odneal: Represented by Michael T. Lowe

c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made:

8

Rule 26(a)(1) disclosures will be made by **November 13, 2017**.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

See above.

e.      Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to conduct informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to take all reasonable steps to reduce discovery

and reduce costs.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that this case will involve extensive amounts

of electronically stored information. The parties have taken steps to

preserve any emails and other electronically stored information which may

exist regarding this matter through the issuance of litigation hold letters.

The parties agree that all electronically stored information may be

produced in paper form, though electronic form is preferable. The parties

further agree to work cooperatively to avoid discovery disputes related to

electronically stored information and to be guided by the Sedona

Principles to resolve any disputes which may arise.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Pursuant to Fed. R. Civ. P. 26(f), the parties have discussed the possibility for a prompt settlement or resolution of the case. The parties will report the result of any future settlement meetings to the Magistrate Judge as they deem necessary or useful.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree to limit interrogatories to 25 to each Defendant and a total of 30 from all Defendants to Plaintiff.

b.    Limitations which any party proposes on the length of depositions.

The Parties do not propose any modifications to the limitations on the length of depositions.  A deposition is limited to seven hours as provided in Fed.R.Civ.P. 30(d)(2).

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to limit requests for admission and requests for production to 25 to each Defendant and a total of 25 from all Defendants to Plaintiff.

    d.      Other Planning or Discovery Orders.

           None.

## 9.  CASE PLAN AND SCHEDULE

    a.   Deadline for Joinder of Parties and Amendment of Pleadings: **2/16/2018**

    b.   Discovery Cut-off: **5/18/2018**

    c.   Dispositive Motion Deadline: Plaintiff proposes **5/18/2018**; Defendants propose **6/18/2018**

    d.   Expert Witness Disclosure

1.    The parties shall identify anticipated fields of expert testimony, if any:

Plaintiff anticipates calling witnesses in the following possible fields: law enforcement use of force; law enforcement report writing; law enforcement training; emergency medicine; head injuries. Plaintiff may designate experts in other areas as well.

Defendants anticipate calling expert witnesses in the fields of police tactics, use of force and arrest control; police procedures and training; and rebuttal experts in the fields set forth by Plaintiff.

2.    Limitations which the parties propose on the use or number of expert witnesses:

The parties propose a limit of four retained experts per side.

3.    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **2/28/2018**.

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or

before **4/11/2018**.

    e.      Identification of Persons to Be Deposed:

The parties are presently determining their discovery needs. Accordingly, the schedule listed below is not exhaustive and is not necessarily presented in the order in which the parties will conduct depositions. Further, the dates and times of depositions are tentative and have not yet been determined or noticed. Finally, the parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

Plaintiff:

| Deponent's Identity | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| All named defendants | TBD | TBD | TBD |
| All people who observed the assault of Ms. Williams | TBD | TBD | TBD |
| Other fact witnesses | TBD | TBD | TBD |

Defendants:

| Deponent's Identity | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Plaintiff | TBD | TBD | TBD |
| Shequan Naiim Omar-Muhammed-Brown | TBD | TBD | TBD |
| Edward George William Williams | TBD | TBD | TBD |

     f.     Deadline for Interrogatories:

All written discovery must be served 30 days prior to the discovery

cut-off date.

     g.     Deadline for Requests for Production of Documents and/or Admissions

All requests for production of documents and requests for

admissions must be served 30 days prior to the discovery cut-off

date.

## 10.  DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times:

_____.

b.     A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Other than as stated herein, Counsel for the parties have no disagreement

concerning discovery or scheduling issues.

b.     Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a five-day jury trial.

c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103

Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___day of _____, 20<u>17</u>.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/ Adam Frank_____
Adam Frank
FRANK & SALAHUDDIN LLC
1741 High St.
Denver, CO 80218
P: 303-974-1084
F: 303-974-1085
adam@fas-law.com
***Counsel for Plaintiff***

s/ Michael T. Lowe
Michael T. Lowe
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver CO 80202
(303) 831-1099
Fax: (303) 831-1088
mlowe@brunolawyers.com
**Counsel for Defendants Michael Hawkins and Jordan Odneal**

s/ Jonathan M. Abramson
Jonathan M. Abramson
Kissinger & Fellman, P.C.
3773 Cherry Creek North Drive. #900
Denver CO 80209
(303) 320-6100
Fax: (303) 327-8601
jonathan@kandf.com
**Counsel for Defendant Jose Ortiz**