**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 17-cv-002123-REB-KMT

OYZHANA WILLIAMS,

    Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity; and
JOSE ORTIZ, Aurora Police Officer, in his individual capacity;

    Defendants.

**DEFENDANTS HAWKINS'S AND ODNEAL'S ANSWER TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND**

COME NOW, Defendants Michael Hawkins (hereinafter "Defendant Hawkins") and Jordan Odneal (hereinafter "Defendant Odneal"), by and through their counsel of record Michael T. Lowe, and hereby submit the following Answer to Plaintiff's Complaint and Jury Demand (Doc. 1) ("Complaint").

**ANSWER TO COMPLAINT**

1. Defendants Hawkins and Odneal admit the allegations and averments contained in paragraphs 5, 13, 29, 30, 50, 51, 57, 60, 61, and 69 of the Complaint.

2. Defendants Hawkins and Odneal deny the allegations and averments contained in paragraphs 2, 32, 33, 35, 36, 37, 38, 39, 40, 44, 45, 46, 48, 53, 54, 56, 62, 64, 81, 82, 83, 85, 86, 87, 88, 89, 91, 92, 93, 95, 97, 98, 99, and 100 of the Complaint.

3. Paragraphs 80, 84, 90, and 94 of the Complaint are incorporation paragraphs

requiring no response. To the extent any response is required, Defendants Hawkins and Odneal incorporate by reference their responses to the allegations and averments contained in the Complaint, as though fully set forth herein.

4. Defendants Hawkins and Odneal are without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in paragraphs 6, 10, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 49, 52, 59, 70, 71, 72, 74, 75, 76, 77, 78, 79, and 96 of the Complaint, and therefore deny the same.

5. Paragraph 1 of the Complaint contains no allegations or averments against either Defendant Hawkins or Odneal, and therefore no response is required. To the extent a response is required, Defendants Hawkins and Odneal deny the statements contained in paragraph 1 of the Complaint.

6. With respect to the allegations and averments contained in paragraph 3 of the Complaint, Defendants Hawkins and Odneal admit only that this Court has jurisdiction over Plaintiff's claims. The remainder of Paragraph 3 is void of any claims or allegations, therefore requiring no response. To the extent a response is required, Defendants Hawkins and Odneal deny the remaining allegations and averment contained in Paragraph 3 of the Complaint.

7. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants Hawkins and Odneal deny the allegations and averments contained in Paragraph 4 of the Complaint.

8. With respect to the allegations and averments contained in paragraph 7 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins is a Sergeant with the Aurora Police Department, and he was acting under color of state law at all times relevant

and material to the Complaint. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 7 of the Complaint.

9. With respect to the allegations and averments contained in paragraph 8 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Odneal is an Officer with the Aurora Police Department, and he was acting under color of state law at all times relevant and material to the Complaint. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 8 of the Complaint.

10. With respect to the allegations and averments contained in paragraph 9 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Ortiz is an Officer with the Aurora Police Department, and he was acting under color of state law at all times relevant and material to the Complaint. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 9 of the Complaint.

11. With respect to the allegations and averments contained in paragraph 14 and 15 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins spoke with Plaintiff Williams at some point.  Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 14 of the Complaint.

12. With respect to the allegations and averments contained in paragraph 31 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins at some point requested that Plaintiff Williams surrender the car keys in her possession. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 31 of the Complaint.

13. With respect to the allegations and averments contained in paragraph 34 of the

Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins repeatedly requested that Plaintiff Williams surrender the car keys in her possession. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 34 of the Complaint.

14. With respect to the allegations and averments contained in paragraph 41 of the Complaint, Defendants Hawkins and Odneal admit only that at some point Plaintiff Williams sat down in the back seat of a patrol car. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 41 of the Complaint.

15. With respect to the allegations and averments contained in paragraph 42 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins did not close the rear driver's side door to the patrol car. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 42 of the Complaint.

16. With respect to the allegations and averments contained in paragraph 43 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins at some point physically retrieved Plaintiff Williams from the back seat of a patrol car. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 43 of the Complaint.

17. With respect to the allegations and averments contained in paragraph 47 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins attempted to gain control of Plaintiff Williams through the use of departmentally trained and approved techniques. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 47 of the Complaint.

18. With respect to the allegations and averments contained in paragraph 55 of the

Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins at some point walked over and picked up car keys from the pavement, then returned to the area where Plaintiff Williams was on the ground. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 55 of the Complaint.

19. With respect to the allegations and averments contained in paragraph 58 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins was injured as a result of his contact with Plaintiff Williams. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 58 of the Complaint.

20. With respect to the allegations and averments contained in paragraphs 63 of the Complaint, Defendants Hawkins and Odneal state that said affidavit speaks for itself and no further response is required. To the extent a response is required, Defendants Hawkins and Odneal deny the remaining allegations and averments contained in Paragraph 63 of the Complaint.

21. With respect to the allegations and averments contained in paragraph 65 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Hawkins wrote a report of his contact with Plaintiff Williams. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 65 of the Complaint.

22. With respect to the allegations and averments contained in paragraphs 66 of the Complaint, Defendants Hawkins and Odneal state that the report speaks for itself and no further response is required. To the extent a response is required, Defendants Hawkins and Odneal deny the remaining allegations and averments contained in Paragraph 66 of the Complaint.

23. With respect to the allegations and averments contained in paragraph 67 of the Complaint, Defendants Hawkins and Odneal admit only that Defendant Odneal wrote a report of

his contact with Plaintiff Williams. Defendants Hawkins and Odneal deny the remaining allegations and averments contained in paragraph 67 of the Complaint.

24. With respect to the allegations and averments contained in paragraphs 68 of the Complaint, Defendants Hawkins and Odneal state that the report speaks for itself and no further response is required. To the extent a response is required, Defendants Hawkins and Odneal deny the remaining allegations and averments contained in Paragraph 68 of the Complaint.

25. Upon information and belief, Defendants Hawkins and Odneal admit the allegations and averments contained in paragraph 73 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief in the Complaint contains no allegations or averments against Defendants Hawkins or Odneal, and therefore no response is required. To the extent a response is required, Defendants Hawkins and Odneal deny the allegations contained in the Prayer for Relief in the Complaint.

## GENERAL DENIAL

Defendants Hawkins and Odneal deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a valid claim upon which relief may be granted.

2. Plaintiff has failed to reasonably mitigate her damages, if any, and has failed to exercise due diligence in an effort to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

3. Plaintiff's injuries, damages and losses, if any, are the result of Plaintiff's own

unlawful and intentional and/or negligent conduct.

4. Defendants Hawkins and Odneal, in their individual capacities, are entitled to qualified immunity as their actions did not violate Plaintiff's clearly established statutory or constitutional rights. Defendants' actions were at all times undertaken with a good faith belief in the lawfulness of their actions and such actions were objectively reasonable under the circumstances with which they were confronted.

5. Defendants Hawkins and Odneal were at all times properly exercising their public duties pursuant to C.R.S. § 18-1-701.  Further, Defendants were properly exercising their police powers and authority vested in them by virtue of C.R.S. §§ 16-3-101, 16-3-102, 16-3-103 and C.R.S. § 18-1-707.

6. Plaintiff's damages, if any, were not approximately caused by any act or omission of Defendant Hawkins or Defendant Odneal.

7. At all times material, Plaintiff was accorded all rights, privileges and immunities guaranteed her by the Constitution and laws of the United States of America.

8. Plaintiff's claims against Defendants Hawkins and Odneal are substantially frivolous and groundless, entitling Defendants to recover their reasonable expenses, including attorneys' fees, pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 11.

9. Defendants Hawkins and Odneal reserve the right to assert any and all additional affirmative defenses, and to amend this pleading as additional defenses arise as the result of discovery in this matter.

## JURY DEMAND

Defendants Hawkins and Odneal hereby demand that this case be tried to a jury pursuant

to Fed. R. Civ. P. 38.

Dated this 14th day of November, 2017.

                *s/Michael T. Lowe*
                Michael T. Lowe
                Bruno, Colin & Lowe, P.C.
                1999 Broadway, Suite 4300
                Denver, CO  80202
                Telephone:  (303) 831-1099
                Facsimile:   (303) 831-1088
                E-mail:  mlowe@brunolawyers.com
                *Attorney for Defendants Officers Hawkins and Odneal (Individual Capacity*)

## CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on this 14th day of November, 2017, I electronically filed the foregoing **DEFENDANTS HAWKINS'S AND ODNEAL'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Adam Frank   adam@fas-law.com
Faisal Salahuddin   fas@fas-law.com
Jonathan M. Abramson   jonathan@kandf.com

                *s/Julie Bozeman*
                Julie Bozeman, Paralegal
                Bruno, Colin & Lowe, P.C.