IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2682-JLK

JAMAL HUNTER,

    Plaintiff,

vs.

THE CITY AND COUNTY OF DENVER, A MUNICIPALITY; SERGEANT KAROLINA SICH, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; SERGEANT MAZONI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; DEPUTY RUMER, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOE ONE, DENVER SHERIFF'S DEPARTMENT EMPLOYEE; IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOE TWO, DENVER SHERIFF'S DEPARTMENT EMPLOYEE; IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOE THREE, DENVER SHERIFF'S DEPARTMENT EMPLOYEE, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOE FOUR, DENVER SHERIFF'S DEPARTMENT EMPLOYEE, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES,

    Defendants.

_____

**REPORTER'S TRANSCRIPT**
Scheduling Conference

_____

Proceedings before the HONORABLE JOHN L. KANE, JR., Judge, United States District Court for the District of Colorado, occurred at 10 a.m., on the 13th day of May, 2014, in Courtroom A-802, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Tamara Hoffschildt, 901 19th Street, Room A251, Denver, Colorado, 80294, (303) 292-1088

EXHIBIT 1

|   |   |
|---|---|
| 1 | **APPEARANCES** |
| 2 | Qusair Mohamedbhai, Siddhartha Rathod, Arash Jahanian, |
| 3 | and Matthew Cron, Rathod & Mohamedbhai, 1518 Blake Street, |
| 4 | Denver, Colorado, 80202, 303-578-4400, appearing for the |
| 5 | Plaintiffs. |
| 6 | Stuart Shapiro, Christina Helm, and Ashley Kelliher, |
| 7 | Denver City Attorney's Office, 201 West Colfax Avenue, Denver, |
| 8 | Colorado, 80202, 720-913-3292, appearing for the Defendants. |
| 9 | * * * * * |
| 10 | **PROCEEDINGS** |
| 11 |  |
| 12 | (In open court at 10:02 a.m.) |
| 13 | *THE COURT:*  Thank you.  Good morning, and please be |
| 14 | seated. |
| 15 | This is civil action 12-cv-2682, Jamal Hunter, |
| 16 | plaintiff, versus the City and County of Denver, et al, and the |
| 17 | matter comes on for consideration of an -- of the Amended |
| 18 | Stipulated Scheduling and Discovery Order.  There are |
| 19 | disagreements in the proposal, and I would like to hear more |
| 20 | about them from counsel, before proceeding further. |
| 21 | The -- the first one that I have relates to the number |
| 22 | of depositions that the defendants are asking for. |
| 23 | I would point out one further thing, before we |
| 24 | proceed, and that is the attachment with the Administrative |
| 25 | Regulation Colorado Department of Corrections is not at all |

1  persuasive.  This Court isn't run by the Colorado Department of
2  Corrections, and if they do not accommodate the Court and
3  counsel, as we require, in order to have a just and speedy
4  resolution of this case, then we will proceed by way of habeas
5  corpus ad testificandum, we will have the department of
6  corrections bring those people up to the Court.  Okay.
7         All right.  Let me hear from you, please.
8         *MR. MOHAMEDBHAI:*  Your Honor, this the defendant's --
9  for the record it's Qusair Mohamedbhai.
10        The defendants are asking or requesting 18
11 depositions.  So a little bit of history of how we got here,
12 Your Honor, if I may, is that there was the allegations by the
13 defendants that when plaintiffs attached 14 affidavits to the
14 Response For Summary Judgment, they were unable to move
15 forward, in that they requested a reopening of discovery.
16        Now, that number from 14 has grown to 18 depositions.
17 This is, obviously -- does not bode well for the issues of
18 just-and-speedy determination of this case.  I would ask -- and
19 our position is that we are going to leave it to the discretion
20 of the Court on this matter.  You have broad discretion as to
21 craft whatever discovery you wish.  We would ask that you
22 maintain your order of the June 10th discovery cut-off date,
23 that you take into consideration things like Mr. Hunter is
24 suing his government in a civil rights matter.  Mr. Hunter does
25 not have the same resources which are the infinite resources of

1  the government; 18 depositions will cost upwards of $25,000,
2  just in deposition costs for Mr. Hunter, on top of all of the
3  extraordinary travel time going to almost every single corner
4  of this state. I would ask that you consider those issues,
5  when you are crafting whichever order you seek.
6      And then we would ask that you -- the Court has
7  ordered that there are July and September dates. My client
8  very much wishes to go to trial, Your Honor. This case has
9  been languishing. It's been filed over a year ago. There was
10  a nine-month original discovery period. I'm still not certain,
11  to this day, why this discovery could not have been completed
12  within the original nine months that the Court permitted. And
13  there are three categories of witnesses. There is an important
14  witness, his name is Amos Paige, and then there are witnesses
15  that were in the cell with Mr. Hunter, who were cellmates, and
16  then there are witnesses who are, basically, scattered all over
17  the jail in that pod.
18      I don't know why Denver needs to depose, now, every
19  single potential inmate that may have heard or observed
20  something. That seems to be duplicative and cumulative
21  evidence. I would ask that the defendants really just get to
22  brass tacks and tell us which witnesses are important to them
23  on this.
24      And then the final issue, Judge, is that the
25  plaintiffs in this case were confined to ten depositions, and

1  we conducted our discovery within the original parameters
2  afforded by the Court.  We didn't get unlimited discovery.  We
3  had to be judicious with whom we deposed.  There are certainly
4  individuals that we could have deposed, that we chose not to,
5  because we had to make decisions, and ask that you keep that in
6  mind.  And then one of the depositions that they want to take
7  is the plaintiff, again.  Apparently seven hours was not enough
8  for them.  They want another two hours, and I am not quite sure
9  what -- why they need to depose Mr. Hunter again.  And so I
10  would ask that you take those into consideration when
11  determining this issue of number of depositions.  Thank you.
12      *THE COURT:*  How many affidavits did you file?
13      *MR. MOHAMEDBHAI:*  Fourteen, Your Honor.
14      *THE COURT:*  Okay.  Thank you.
15      *THE COURT:*  Go ahead, please.
16      *MR. SHAPIRO:*  Your Honor, Stuart Shapiro, representing
17  the City and County of Denver and Deputy Keller.
18      You know, at first, Your Honor, I would point out that
19  the -- the delay in this case, and the reopening of discovery
20  wasn't because of something that the defendant's did.  We are
21  just trying to defend the case based on the evidence that the
22  plaintiff presents, and the timing of the presentation of that
23  evidence caused this delay.  So now all we're asking is the
24  ability to defend, appropriately, in this case, which would
25  include these new witnesses that not only have been now

1  disclosed, but have been used as a central point in a response
2  to summary judgment motion.  So it's clear that the plaintiff
3  believes these 14 people are significant, maybe the most
4  significant in the case.
5         So we would ask for the ability to depose these
6  people, find out if their various versions of events are
7  consistent or inconsistent, to be able to actually defend this
8  case at trial.
9         We did add several more inmates who were in the pod,
10 who were close to the cell.  We believe close to the cell at
11 the time of the events.  And we have added those people.  Those
12 people should not be a significant addition in time or expense
13 to the other 14.  And then we were asking, simply, for a -- an
14 hour more with the plaintiff to depose about the issues raised
15 by the affidavit.
16        So the additional discovery the defendants are asking
17 for, and have included in the stipulated -- well, not so
18 stipulated, but the Revised Scheduling Order, are simply to
19 respond to this new evidence.  These new affidavits.  These --
20 these new, significant witnesses, that have been raised by the
21 plaintiff.
22        So it's not -- it's not that the defendants are trying
23 to change the scope of the case, or somehow delay the case.
24 What we're doing is responding to the evidence that the
25 plaintiff is presenting, and that dictates who we should

1  depose, how much time it will take, you know, the expense of
2  doing that.
3        I think, you know, generally, defendants are in a
4  reactive position.  We react to the evidence the plaintiff
5  thinks is most important.  And that's -- that's one of the ways
6  to defend the case, so that's what we're asking for, the
7  ability to do, Your Honor.
8        *THE COURT:*  Thank you.
9        *MR. SHAPIRO:*  Thank you, Your Honor.
10       *THE COURT:*  All right.  These discovery issues almost
11 always come down to the Court imitating Alexander and cutting
12 the Gordian knot.  I understand that nobody is going to be
13 happy, but the -- I will -- the discovery cut-off date is June
14 10th, I will extend that to June 25.  There have been 18
15 depositions requested, I'm going to order that 14 are
16 permitted, and those to be used, it was my intention in --
17 though I didn't state it well the last time we were in court --
18 was that the affidavits provided grounds for taking depositions
19 of the affiants.  You can decide who you want to take the
20 depositions of, but it will be limited to 14, and for any
21 others you can use interrogatories as long as the answers are
22 due by June 25th.  There will be no further depositions of the
23 plaintiff.
24       Now, one of the things I'm trying to avoid is the
25 'death by a thousand cuts of paper.'  The defendants say on

```
 1   page 13, they may file a motion for summary judgment on the
 2   plaintiff's claims.  From what I know of this case, so far,
 3   there are disputed issues of fact that go directly to the heart
 4   of the -- of the action, and I can't stop anybody from filing
 5   motion for summary judgment, but I will tell you right now that
 6   in the face of disputed issues of fact, if you file one and
 7   there's no merit to it, I will be inclined to shift the fees as
 8   a sanction.  I would approach that very, very cautiously.
 9             As to the number of witnesses to be called at trial, I
10   don't think you know yet, but you can sit down and try to reach
11   some agreement on that, after you have the depositions, and we
12   will have a final trial preparation conference.
13             Is there anything more we can do today?
14             *MR. SHAPIRO:*  Your Honor, just -- on -- if there is a
15   dispositive motion one of the parties -- one --
16             *THE COURT:*  Well, one of them -- another one is a
17   motion on immunity, and the same thing applies to that.
18             *MR. SHAPIRO:*  Is there --
19             *THE COURT:*  I don't know how you could have good-faith
20   immunity when somebody has been scalded the way this defendant
21   has -- I mean this plaintiff.  I don't know how in the world
22   that would work.
23             *MR. SHAPIRO:*  Well, there is the other incident, as
24   well.  The force incident.  Which we are not certain about.
25   But is there a deadline that the Court would set for that?
```

1     *THE COURT:* Yes.  The same deadline, June 25.

2     *MR. SHAPIRO:* Okay.  June 25.  I know the Court has
3 mentioned the Administrative Regulations of the Department of
4 Corrections.

5     *THE COURT:* Actually that makes me -- I realize I'm
6 having trouble controlling my temper these days, but that
7 really does make me angry.  They are one of the principle
8 litigants in this court.  They know how difficult it is, and
9 they want 20 days notice ahead of time, and they are frequently
10 asking for -- the various district attorneys are asking for
11 writs of habeas corpus ad testificandum or ad prosequendum, and
12 they don't have any trouble filling those.  So I just am not
13 going to pay any attention to it.  If you -- if they say that
14 they can't bring the person up, you haven't complied with the
15 regulation, then you file a petition for writ of habeas corpus,
16 and I will order them to bring that person up here, and we will
17 have the deposition in court.

18     *MR. SHAPIRO:* Okay, Your Honor, that sounds -- thank
19 you.  I know we have to file an order to get the depositions,
20 to get approval of depositions, under the Rules, of somebody in
21 prison?

22     *THE COURT:* Yes.

23     *MR. SHAPIRO:* Perhaps we could include in that
24 proposed order something about the 20 days?

25     *THE COURT:* If you want him there for deposition, I

```
 1   will sign it ex parte; just file it and I will sign it
 2   immediately.
 3           MR. SHAPIRO:  Thank you, Your Honor.
 4           THE COURT:  All right.  I'm trying to grease the skid,
 5   so we can get this thing done.
 6           MR. SHAPIRO:  I understand, Your Honor.  You know, for
 7   us, though, we still --
 8           THE COURT:  I know you have got problems.  I'm not
 9   trying to be critical of counsel in this thing, but we are all
10   in a -- you know, I don't want to get back to my favorite
11   speech, but just consider the absurdity of the fact that all
12   civil cases are operating under rules that were designed to
13   operate in 1938.  The North Korean Air Force has a better job
14   than we do.
15           MR. SHAPIRO:  Thank you, Your Honor.
16           THE COURT:  Okay.  Anything else?
17           MR. MOHAMEDBHAI:  Yes, Your Honor, just briefly.  Just
18   two matters; one, the trial date.  Does the Court have any --
19   could the Court provide us any guidance as to when you believe
20   this case --
21           THE COURT:  October.
22           MR. MOHAMEDBHAI:  In October?
23           THE COURT:  Yes.
24           MR. MOHAMEDBHAI:  In your order you said you were
25   holding dates in July and September.  October.  Do you have
```

1  specific dates in mind?
2  *THE COURT:* September might be able to get it in, if
3  not in September we will get it in in October. With the
4  discovery cut-off date being June 25th, if any motions are
5  filed, and plus that, in August I have a three-week criminal
6  trial that appears to be going, and I have to give precedence
7  to that, so that only leaves, I think, the last week in
8  September, and October, but that's when I'm planning on trying
9  this case.
10  *MR. MOHAMEDBHAI:* And how would you like the parties
11  to schedule the trial date? Is there any guidance you can
12  provide with that, Your Honor?
13  *THE COURT:* Well, we are going to have a final trial
14  prep conference, and I will set the matter as soon as the
15  discovery cut off and motion cut off is filed.
16  *MR. MOHAMEDBHAI:* Okay.
17  *THE COURT:* Then I have some idea of how much work I
18  have to do in order to get the job done.
19  *MR. MOHAMEDBHAI:* Thank you.
20  This last issue, though, was raised briefly in this --
21  in this stipulated order. There's this issue of internal
22  affairs bureau files, Your Honor, and I wanted to bring that to
23  your attention to, potentially, avoid having to file a motion.
24  The defendants have been actively interviewing these inmates in
25  question. There's an ongoing internal affairs bureau

1  investigation into the allegations that we've apparently
2  raised.  We've asked for these, and the defendants are saying,
3  No, we don't have to produce them, based on deliberative
4  process --
5           *THE COURT:*  Well, let me just cut this short.  The
6  City Attorney's Office is well aware that they pay $10,000 for
7  that same position, during the Wellington Webb administration,
8  and I had all of the Denver Police Department internal affairs
9  files brought here and placed under the jurisdiction of a
10 special master, and I am prepared to do that again if there's
11 any effort by internal affairs bureau, the sheriff's office or
12 the police department to stonewall; that's just not going to be
13 tolerated.
14          *MR. MOHAMEDBHAI:*  All right.
15          *THE COURT:*  I'm not saying it is.  I'm just -- you
16 know as well as I do what I have done, and I will do it again.
17          *MR. SHAPIRO:*  No.  I'm aware of that, Your Honor.  The
18 investigation, the last I have heard, is that the Denver Police
19 Department, Internal Affairs Bureau, is doing the
20 investigation.  It's still ongoing.  It's not complete.
21          *THE COURT:*  Good for them.  It's still discoverable.
22          *MR. MOHAMEDBHAI:*  Okay.  That's all for the plaintiff.
23 Thank you, Judge.
24          *THE COURT:*  All right.  Thank you.  We will be in
25 recess.

```
 1         THE COURTROOM DEPUTY:  All rise.  Court is in recess.
 2     (Recess at 10:20 a.m.)
 3                        REPORTER'S CERTIFICATE
 4     I certify that the foregoing is a correct transcript from
 5  the record of proceedings in the above-entitled matter.  Dated
 6  at Denver, Colorado, this 16th day of May, 2014.
 7
 8                                    S/Tamara Hoffschildt
                                      Tamara Hoffschildt
 9
10
...
25
```