**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-002123-REB-KMT

OYZHANA WILLIAMS,

Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity; and
JOSE ORTIZ, Aurora Police Officer, in his individual capacity;

Defendants.

---

### DEFENDANTS' JOINDER IN NON-PARTY CITY OF AURORA'S MOTION TO QUASH SUBPOENA TO PRODUCE

---

COME NOW, Defendants Michael Hawkins, Jordan Odneal and Jose Ortiz, by their undersigned counsel, and hereby join in Non-Party City of Aurora's Motion to Quash Subpoena to Produce [Doc. 23] filed November 19, 2017, and adopt all arguments and grounds set forth and relief requested therein, as well as those set forth in the City of Aurora's forthcoming reply in support thereof, which is currently scheduled to be filed on or before January 16, 2018.

1. On or about October 30, 2017, the City of Aurora (a non-party to this action) waived service of a Subpoena to Produce issued by Plaintiff Williams. On November 19, 2017, the City of Aurora filed a Motion to Quash that subpoena. [Doc. 23]. In that Motion, the City of Aurora properly raised objection to disclosure by invoking the individual privacy

interests of all three police officer Defendants in this case, "that each of them hold and that the City has an obligation to protect." [Id., p. 5]. In so doing, the City of Aurora properly cited to and relied on established case authority, Colorado state law, and Aurora City Charter provisions establishing the basis for those privacy interests and the City's obligation to protect them. [Id., pp. 5-8 (citing, inter alia, *Mangels v. Pena*, 789 F.2d 836 (10th Cir. 1986); *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981); C.R.S. §§ 24-72-204 & 305)].

2. Two days later, the Court entered concurrent Minute Orders granting the City of Aurora's Motion for Leave to File Motion to Quash Out of Time [Doc. 25] and setting the matter for hearing [Doc. 26], noting that "[t]he challenged subpoena categories concern privileged and private information, and, therefore, court consideration is necessary." [Doc. 25, ¶ 1]. These Minute Orders were issued prior to the time for responsive briefing on the Motion to Quash, indicating that the privacy issues concerning the individual Defendants were properly before the Court by virtue of the City of Aurora's Motion to Quash.

3. On December 21, 2017, Plaintiff filed her Response to City of Aurora's Motion to Quash Subpoena [Doc. 32]. While the Response does not challenge the City's standing to raise the privacy interests of the individual Defendants, it does claim that "the Defendants themselves have taken no steps to claim a privacy interest in the subpoenaed records." [Doc. 32, p. 8]. This statement is misleading, assuming as it does that the individual Defendant Officers were not apprised of the City's intent to assert their privacy interests as a matter of course in the Motion to Quash, and further assuming that the

Court's Order indicating their privacy interests would be addressed at hearing nonetheless required some further formality or cumulative pleading—a pleading that would cite to the same legal authority as the City of Aurora, raise the same privacy interests, and present the same arguments as those presented by the City.[1]

4.  Being the most efficient manner to address this issue without redundant pleading, this Notice of Joinder follows. To the extent any clarification is needed, Defendant Officers Hawkins, Odneal and Ortiz hereby join the City of Aurora's pleadings, arguments and authority on this issue, and join the Court in recognizing that their privacy interests are at issue in this matter of disclosure.

WHEREFORE, for the reasons foregoing, Defendants Hawkins, Odneal and Ortiz hereby join in Non-Party City of Aurora's Motion to Quash Subpoena to Produce [Doc. 23] filed November 19, 2017, and adopt all arguments and grounds set forth and relief requested therein, as well as those set forth in the City of Aurora's forthcoming reply in support thereof, which is currently scheduled to be filed on or before January 16, 2018.

---

[1]  While the forthcoming Reply from the City of Aurora (as joined by the Defendant Officers herein) will specifically address the authority cited by Plaintiff in this portion of her Response, it should be noted here that that authority is distinguishable both factually and legally from the circumstances presented here. *See, e.g., Seabron v. Am. Family Mut. Ins. Co.*, 862 F. Supp. 2d 1149, 1159 (D. Colo. 2012) (dealing specifically with physician-patient privilege in the private sector and quoting *People v. Palomo*, 31 P.3d 879, 885 (Colo. 2001), collecting cases and addressing the same narrow physician-patient privilege)).

Dated, this 5th day of January, 2018.

Respectfully Submitted,

*s/Michael T. Lowe*
Michael T. Lowe
Carrie L. Slinkard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO  80202
Telephone:  (303) 831-1099
Facsimile:   (303) 831-1088
E-mail:  mlowe@brunolawyers.com
*Attorney for Defendants Officers Hawkins and Odneal (Individual Capacity*)

*s/ Jonathan M. Abramson*
Jonathan M. Abramson
3773 Cherry Creek North Drive, Suite 900
Denver, Colorado 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
Email: jonathan@kandf.com
*Attorney for Defendant Officer Ortiz (Individual Capacity*)

**CERTIFICATE OF SERVICE BY CM/ECF**

I hereby certify that on January 5, 2018, I electronically filed the foregoing DEFENDANTS' JOINDER IN NON-PARTY CITY OF AURORA'S MOTION TO QUASH SUBPOENA TO PRODUCE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Adam Frank  adam@fas-law.com
Faisal Salahuddin  fas@fas-law.com
Jonathan M. Abramson  jonathan@kandf.com

*s/Marla A. Brock*
Marla A. Brock, Paralegal
Bruno, Colin & Lowe, P.C.

4