**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02123-REB-KMT

OYZHANA WILLIAMS,

Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity;
JOSE ORTIZ, Aurora Police Officer, in his individual capacity,

Defendants.

---

**MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS FROM ALL DEFENDANTS**

---

Ms. Williams, through counsel, respectfully requests that this Court, pursuant to Fed. R. Civ. P. 37, compel Defendants to answer Interrogatories (ROGs) 2, 3, 5, and 8, and to produce documents responsive to Requests for Production (RFPs) 4 and 5. Pursuant to D.C.COLO.LCivR 7.1, Ms. Williams certifies that she has conferred with opposing counsel regarding these issues. The parties have engaged in Rule 37 correspondence and had a phone conversation related to the contested discovery issues. All areas of potential agreement have been reached. As for the discovery requested in this motion, the Defendants object to the relief requested herein. As grounds, for her motion to compel, Ms. Williams states the following:

## INTRODUCTION

Defendants have made non-germane boilerplate objections to numerous discovery requests from Ms. Williams with the sole apparent goal of delaying discovery.

Regarding ROGs 2, 3, 5, and 8 and RFPs 4 and 5, the Defendants have refused to provide documents and answers to interrogatories that address Defendants' prior misconduct. *See* Exhibit A (plaintiff's discovery requests). Based on the vacuous nature of the Defendants' objections, it appears that Defendants' true aim is to delay responding to Ms. Williams' discovery regarding their prior misconduct until they learn whether Ms. Williams will receive the documents that describe their prior misconduct from the City of Aurora. During Rule 37 correspondence, Defendants conceded as much. *See* Exhibit D. This Court should not sanction such tactics. Whether Aurora is ordered to produce documents related to Defendants' prior misconduct has no bearing on Defendants' obligation to answer permissible interrogatories and produce documents in their possession. Defendants should be ordered to answer Ms. Williams' discovery and pay Ms. Williams' expenses associated with filing and litigating this motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

**ARGUMENT**

The Defendants' objections to ROGs 2, 3, 5, and 8 and RFP 5 are identical boilerplate objections. The Defendants' objections to RFP 4, while imbued with slightly more explanation, have no merit.

**Procedural History**

On October 25, 2017, after the parties' 26(f) conference Ms. Williams served her initial discovery requests. Exhibit A. ROG 2 asks the Defendants to describe internal affairs (IA) investigations of their conduct. ROG 3 asks the Defendants to describe complaints against them. ROG 5 asks the Defendants to describe disciplinary actions taken against them. ROG 8 asks Defendants to describe instances in which they have used force while working for the Aurora Police Department. RFP 5 asks the Defendants

to produce documents that address their qualifications to be police officers. *See* Exhibit A for exact wording.

Ms. Williams granted Defendants an extension until December 1 to respond. In response to each of the contested interrogatories, Defendants responded identically:

> Defendants object to Interrogatory No. [X] on grounds that it is vague, ambigious [sic], speculative, and overbroad. Additionally, Interrogatory No. [X] is not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

*See* Exhibit B (Defendants' discovery answers). The repeated misspelling makes clear that these objections were copied and pasted. Defendants' response to RFP 5 corrects the spelling error and refers to a request for production as opposed to an interrogatory, but is otherwise identical. *Id*.

Defendants make no attempt to describe what about each request is vague, ambiguous, speculative, overbroad, or not proportional to the needs of the case. This is likely because the ROGs and RFP are clear and pointed. Despite this fact, in an attempt to reach consensus, Ms. Williams agreed to limit certain portions of her discovery requests in her December 12 Rule 37 letter to opposing counsel. *See* Exhibit C. Ms. Williams also explained in her Rule 37 correspondence why the information she had requested was material to the case. *Id*. In their December 19 response, Defendants persisted in their refusal to answer ROGs 2, 3, 5, and 8, or to provide documents responsive to RFP 5. Exhibit D. Defendants admitted that their refusal was based on their desire to see the outcome of the pending motion to quash by the City of Aurora

prior to responding, not any belief that their proffered objections were meritorious. *Id*.[1] Ms. Williams replied on December 24, requesting dates for a call with the court. Exhibit E. Because of the holidays, the first date that worked for all counsel was January 10, 2018. On that call, this Court's clerk gave permission to file this motion to compel.

RFP 4 presents a slightly different issue. RFP 4 requests the production of all documents related to the December 22, 2015 incident that underlies this case, including any use of force reports and documents from the internal affairs investigation that are in the Defendants' possession. Exhibit A. Defendants assert that they have produced all responsive documents that are "reasonably" in their possession, yet maintain their objections, which are largely similar to their boilerplate objections to the other contested discovery requests. Exhibit B, D. Defendants have produced zero documents from the IA investigation and zero use of force reports.

Ms. Williams finds it implausible that Defendants have no such documents in their possession. However, ultimately Ms. Williams cannot know whether Defendants truly do not have such documents, whether they are not disclosing documents which they could access because they deem such documents not "reasonably" within their possession, or whether they are withholding documents based on their objections. To the extent that Defendants have access to documents related to the December 22, 2015 incident that have not been produced, particularly documents from the IA investigation and any use of force reports, Ms. Williams seeks to compel production.

---

[1] *See* Exhibit D ("with respect to Interrogatories #2, #3, #5, and #8, we believe that those Interrogatories request information that is subject to the currently pending motion before the Court, which is set for hearing in January. We will certainly revisit our supplementation of these Interrogatories following the Court's hearing and ruling on the [City's] objections to production of that information.").

## I. This Court should overrule Defendants' boilerplate objections to ROGs 2, 3, 5, and 8, and RFP 5

The Defendants' objections to the contested discovery are impermissible boilerplate objections. Blanket, detail-free objections such as those claiming that a discovery request is "overly broad, burdensome, unduly costly, and not designed to lead to the discovery of admissible evidence" are "boilerplate objections [that] should not suffice to bar discovery." *Bottoms v. Liberty Life Assurance Co.*, No. 11-cv-01606-PAB-CBS, 2011 U.S. Dist. LEXIS 143251, at *19 (D. Colo. Dec. 13, 2011). These are the only types of objections Defendants have made.

"[B]oilerplate objections . . . [are] ineffective and therefore [are] waived." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857, at *25 (D. Colo. Feb. 8, 2010). "To object to a request, a party must articulate a specific objection; boilerplate objections are not well-taken. Indeed, courts in this District have found that 'boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.'" *Bautista v. MVT Servs.*, Civil Action No. 16-cv-01086-NYW, 2017 U.S. Dist. LEXIS 79752, at *14 (D. Colo. Mar. 20, 2017) (quoting *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, No. 07-cv-00066-MSK-CBS, 2008 U.S. Dist. LEXIS 106695, at *15-*16 (D. Colo. Mar. 21, 2008)). Here, Defendants' rote recitation of potential objection grounds without explanation serves to waive the objections.

### A. Defendants' overbreadth objections are baseless

Regarding the individual boilerplate objections, Defendants have not properly asserted an overbreadth objection. First, "Rules 33 and 34 of the Federal Rules of Civil Procedure require a responding party to answer to the extent an interrogatory or request for production is not objectionable. An objection challenging a discovery request

as ‘overbroad’ implicitly concedes that the request encompasses some information that is properly discoverable.” *Id*. at *20. By objecting to Ms. Williams’ discovery request as overbroad while also producing no substantive response, Defendants are flouting established law. Second, Defendants’ sole explanation for their overbreadth objection to each of ROGs 2, 3, 5, and 8 is that, regarding ROG 3, there may exist complaints filed against the Defendants that the Defendants never learned about. Exhibit D. This is not a justification for providing no answer ROGs 2, 5, and 8, nor can it justify not answering ROG 3 regarding the complaints about which each Defendant was notified. Defendants provided no explanation for their overbreadth objection to RFP 5. Exhibit D. These improper objections should be overruled.

**B. Defendants’ burden-based objections are baseless**

Defendants have similarly not properly asserted a cost-based or burden-based objection. “[A] party objecting to a discovery request as ‘unduly burdensome’ cannot rest on that self-serving or conclusory statement.” *Id*. “The party objecting to discovery on the basis that it is unduly burdensome has the burden of proof.” *Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 U.S. Dist. LEXIS 58776, at *15 (D. Colo. June 2, 2011). “[A] party seeking protection based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and the extent of the claimed burden or expense.” *Colo. Mills, LLC v. Phila. Indem. Ins. Co.*, No. 12-cv-01830-CMA-MEH, 2013 U.S. Dist. LEXIS 53467, at *15 (D. Colo. April 15, 2013). This entails demonstrating “not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.” *Id*. The standard “can only be met by providing sufficient details or a compelling showing of undue

burden to obviate the overwhelming preference for requiring that relevant discovery materials be exchanged." *Chevron Corp. v. Snaider*, 78 F. Supp. 3d 1327, 1341 (D. Colo. 2015). "General assertions of undue burden and expense are insufficient alone to foreclose discovery; especially when, as here, the discovery is highly relevant." *Id*. Applying this standard in a 42 U.S.C. § 1983 case alleging Fourth Amendment violations, this District holds that even where a plaintiff requests hundreds of internal affairs files, producing the files does not present an undue burden absent detailed affidavits explaining the particularities of the burden. *Rehberg*, 2011 U.S. Dist. LEXIS 58776, at *14-*15 (producing 405 law enforcement internal affairs files did not present an undue burden to the city.). Defendants have produced no evidence to substantiate their claimed burden in responding to the contested discovery requests. Their objections should therefore be overruled.

**C. Defendants' vagueness objections are baseless**

Defendants sole explanation of their "vague" / "ambiguous" objection to each of ROGs 2, 3, 5, and 8 and RFP 5 is that, regarding ROG 8, the police officer defendants do not understand the term "use of force." Exhibit D. This objection is absurd. First, Ms. Williams finds it hard to believe that a police officer who has received extensive training on the use of force and who is subject to policies that extensively describe permissible and impermissible uses of force – including a definition of the term "use of physical force" – cannot understand the term "use of force." *See* Exhibit F. Second, within the Defendants' explanation of their objections, Defendants admit that "use of force" is a term utilized by the Aurora Police Department such that "some uses of force are subject to documentation and some are not, depending on the circumstances in which they are

applied." Exhibit D. This alone demonstrates that the Defendants understand the term "use of force." While the Defendants could potentially cite certain situations where they are not required to document uses of force that lead them to have incomplete memories regarding such uses of force, they cannot credibly claim that the words "use of force" are vague or ambiguous.

**D. Defendants' relevance objections are baseless**

Defendants have provided no explanation to support their "speculative" / "relevance" objections. This is likely because each of the contested ROGs and RFPs request plainly discoverable information. The contested discovery addresses the Defendants' prior IA investigations, complaints filed against them concerning constitutional violations and excessive force, their disciplinary actions, and their prior uses of force. Exhibit A. As Ms. Williams informed Defendants in her Rule 37 correspondence, such evidence would be admissible at trial pursuant to Fed. R. Evid. 404(b), 406, and 608. Exhibit C. Under Fed. R. Evid. 404(b), evidence of uses of force, prior complaints, IA investigations, and discipline for such activities could be used to demonstrate the Defendants' knowledge that their use of force was excessive, that it was not an accident, that it was not part of a mistake, that they have a motive to use excessive force, that they intend to use excessive force in arrests, and that using excessive force is part of the Defendants' modus operandi. The same goes for instances of prior falsification of reports and prior unlawful arrests. Such evidence could also be admitted as habit evidence under Fed. R. Evid. 406. Furthermore, such evidence could be used to cross-examine the Defendants pursuant to Fed. R. Evid. 608

regarding their character for truthfulness. In short, the contested discovery is highly relevant, and its importance in the case is in no way speculative.

## II. This Court should order Defendants to produce all documents responsive to RFP 4 within their possession, custody, or control

RFP 4 requests all documents related to the December 22, 2015 incident that forms the basis of this case. Exhibit A. In response to RFP 4, Defendants referred Ms. Williams to police reports that they have disclosed, but did not disclose any use of force reports or documents from the IA investigation, which were explicitly subject to the RFP. Exhibit B. Defendants' Rule 37 correspondence explaining their response asserts that they have turned over all responsive documents "reasonably" in their possession or control. *See* Exhibit D. Their initial response objected to the RFP as unduly burdensome and seeking documents that are not relevant, *see* Exhibit B, and their Rule 37 correspondence does not back off this position. Exhibit D.

Defendants' responses leave Ms. Williams unclear as to whether (1) Defendants have produced all documents required to be produced under the rules of civil procedure, (2) Defendants are qualifying their production of documents as those "reasonably" under their possession or control to avoid disclosing documents that they must turn over under the rules but which they believe are somewhat difficult to obtain, or whether (3) Defendants are withholding documents from discovery pursuant to their objections. Ms. Williams' motion to compel seeks all responsive documents that are within Defendants' legal possession, custody, or control, as well as all documents withheld based on an objection.

The District of Kansas has confronted the problems that arise when a party makes a "conditional" discovery response such as the one at issue here:

> A conditional response occurs when a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections. The problem with conditional responses is that the requesting party is left guessing as to whether the producing party has produced all documents, or only produced some documents and withheld others. A party may object to a portion of a request for production, provided the response specifies the portion objected to and responds to the non-objectionable portion. However, objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules.

*Gust v. Wireless Vision, L.L.C.*, No. 15-2646-KHV, 2015 U.S. Dist. LEXIS 171817, at *2-3 (D. Kan. Dec. 24, 2015) (internal quotations and brackets omitted). To address the problems created when a party makes a conditional response not sanctioned by the Federal Rules, the District of Kansas holds that "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." *Id*. at *3. However, Ms. Williams has not located similar precedent in Colorado, and is therefore unclear as to the meaning of the Defendants' conditional response. This Court should follow the Kansas rule, hold the Defendants' objections waived, and order the production of all responsive documents that have been withheld pursuant to objection.

Regarding the issue of what documents are within the Defendants' "possession, custody, and control," Defendants have created an issue by asserting that they have disclosed all documents "reasonably" within their custody or control, which is not the applicable legal standard. Under the Federal Rules:

> The Federal Rules of Civil Procedure require production of documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a) (2007). Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand.

*Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007), *accord Resolution Tr. Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Cache La Poudre*

*Feeds, LLC v. Land O'Lakes Farmland Feed, LLC*, 244 F.R.D. 614, 627 (D. Colo. 2007); *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003). Pursuant to *Tomlinson*, this Court should order Defendants to produce all responsive documents over which the Defendants have actual possession, custody, or control, as well as documents which Defendants have the legal right to obtain on demand. This should include use of force reports and documents created pursuant to the IA investigation into the December 22, 2015 incident.

**CONCLUSION**

For the above-stated reasons, Ms. Williams asks this Court to overrule the Defendants objections to her discovery requests and compel the production of responsive documents and answers. Ms. Williams further requests that this Court order Defendants to pay her expenses in filing and litigating this motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Dated: January 15, 2018.

*s/ Adam Frank*
Faisal Salahuddin
Adam Frank
FRANK & SALAHUDDIN LLC
1741 High Street
Denver, CO 80218
Telephone: (303) 974-1084
Fax: (303) 974-1085
fas@fas-law.com
adam@fas-law.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that a copy of the foregoing was served via electronic mail through the CM/ECF system, addressed to the following:

Jonathan Abramson
jonathan@kandf.com

Mike Lowe
mlowe@brunolawyers.com

Jordan Lubeck
jordan@kandf.com

*s/Adam Frank*
FRANK & SALAHUDDIN LLC