**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02123-REB-KMT

OYZHANA WILLIAMS,

      Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity;
JOSE ORTIZ, Aurora Police Officer, in his individual capacity,

      Defendants.

---

**PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO
DEFENDANTS**

---

      Plaintiff Allen Williams, by and through his attorneys Adam Frank and Faisal Salahuddin of FRANK & SALAHUDDIN LLC, hereby submits his First Set of Combined Discovery Requests to Defendants, as specified with individual particularity in each request:

## <u>DEFINITIONS</u>

    1.  "You," "your," or "yours" means either singular or plural and shall apply to each and every Defendant, as well as any agent, employee, official, director, manager, supervisor, or other person operating under the direction and control of said Defendant, or any insurance company or insurance adjuster acting on behalf of said Defendant. This includes counsel for any Defendant.

    2.  "Complaint" refers to Plaintiff's operative complaint.

3.   "Document" or "documents" means all manner of written, typewritten, electronically stored, printed or recorded material whatsoever, including any graphic, mechanical or oral records or recordings of any kind, computer hard drives, DVDs, VHSs, any other type of film or digital format containing visual information or photographic depictions, correspondence, emails, letters, telegrams, memoranda, records of meeting or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, inter-office and intra-office communications, electronic mail, offers, notations of conversations, records of phone calls or meetings, printed matter, computer print-outs, teletypes, telefaxes, invoices, pictures, blueprints, schematics, tape recordings, transcriptions of records, video recordings, log books, business records, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control. "Document" or "documents," when used in these requests, is utilized in its broadest form.

4.   "Referring to" or "relating to" means: relates to, refers to, reflects upon, discusses, mentions, analyzes, documents or evidences, in whole or in part to the subject matter of the request.

5.   "Describe in detail," when used with respect to an event means: to state (a) the date, time, and location of the event; (b) the identification of all persons who were present when the event occurred or otherwise witnessed the event; and (c) a detailed description of the event.

6.  "Incident" includes the circumstances and events surrounding the alleged accident, injury, discrimination or other occurrence giving rise to this action or proceeding.

7.  "Person(s)" means either singular or plural and includes any human being, whether living or deceased, and includes a corporation, partnership, joint venture, limited partnership, governmental entity, public entity, or political subdivision.

8.  "Employee" or "ex-employee" means and includes all persons who are or have been employed by a Defendant on a full-time or part-time basis, or under any other terms, agreements or arrangements whereby the person has performed services for a Defendant, and in exchange received compensation in any manner.

9.  "Communication" means a giving or exchanging of information whether by speaking, writings or signals.

## INSTRUCTIONS

1.  In answering these discovery requests, you should furnish all such information as is available or known to you and all of your servants, employees, representatives, and agents, including your attorneys, unless such information is claimed to be privileged from discovery. Should you claim privilege, you must comply with the provisions of Fed. R. Civ. P. 26(b)(5), as set forth below. If new or additional information or documents become known to you, please promptly supplement your answer and/or produce the documents.

2.  Throughout these discovery requests, whenever there is a request to identify or to state the identity of a document, provide as to such document the following information:

    a.  The date of preparation;

    b.  The name, title and address of each author and/or signatory;

    c.  The name, title and address of each addressee and each other person receiving a copy thereof;

    d.  The present custodian and location, including a computer hard drive and/or server; and

    e.  The title, subject line or other identifying designation.

3.  Whenever in these requests there is a request to identify, provide or state the identity of a person, provide as to each such person the following information:

    a.  His, her or its name;

    b.  His, her or its present or last known address and telephone number;

    c.  His, her or its present business address, business telephone, name of employer, and job title;

    d.  His, her or its current status or relationship with any party to this action.

4.  At the time of production of any requested document, or if you elect to produce a document, produce the original of the document, if it is in your possession or the possession of your agent, employee, or attorneys. In the event that the original document is not in your control or custody, or has been lost or destroyed, produce an exact duplicate copy of the document.

5.  In the event you withhold from identification any document as privileged, you are requested to provide a list of the documents withheld and state the following information with respect to each document withheld:

    a.  The date appearing on the document and, if it has no date, the date, or approximate date, on which it was prepared;

    b.  The title, label, code number or file number of the document;

    c.  The name and current address of the person(s) who signed the document or, if it was not signed, the name and current address of the person(s) who prepared it;

    d.  The name and current address of the person(s) to whom the document was directed and the person(s) to whom a copy of the document was directed;

    e.  A general description of the subject matter(s) to which the document relates;

    f.  The name and current address of the person(s) having present possession, custody or control of the document; and

    g.  The grounds on which the document has been withheld.

6.  If you know that any document(s) falling within the scope of these requests has been destroyed or lost, redacted or altered in some way from its original form, or is unavailable for any reason, you are requested to produce a written list of any such document(s), identifying each document as follows:

    a.  The date;

    b.  The request(s) the document pertains to;

    c.  The addresser's or author's name, title and address;

    d.  The addressee's or recipient's name, title and address;

e. The name and address of every other person to whom the document was sent or shown;

f. The subject matter of the document;

g. The general character of the document;

h. As nearly as possible, the exact content (or original content before redacted or altered) of the document; and

i. The reason for its destruction, alteration or redaction, or unavailability.

7. Responses to these requests, including responsive documents, shall be produced within thirty (30) days from the date of service of these requests upon you at the office of the attorneys for the Plaintiff, FRANK & SALAHUDDIN LLC, 1741 High St., Denver, CO 80218.

8. Each request is continuing. If, subsequent to serving a response to any request, Defendant obtains or becomes aware of any further information relating thereto, Fed. R. Civ. P. 26(e) requires Defendant to amend or supplement the response thereto, setting forth the additional responsive information.

## **REQUESTS FOR ADMISSION**

**Request for Admission #1**: Please admit that every action you took with respect to the circumstances alleged in Plaintiffs' Complaint was consistent with the training you received from the Aurora Police Department.

**Request for Admission #2**: Please admit that every action you took with respect to the circumstances alleged in Plaintiffs' Complaint was consistent with and pursuant to the customs, policies, and practices of the Aurora Police Department.

**Request for Admission #3**: Please admit that you were not disciplined for any actions you took with respect to the circumstances alleged in Plaintiffs' Complaint.

## INTERROGATORIES

**Interrogatory #1**: Please describe in detail all training provided to you during the entirety of your employment regarding the Aurora Police Department's policies, procedures and/or actual practices pertaining specifically to your employment with the Aurora Police Department. Your response should include, but not necessarily be limited to, training you received regarding arrest, use of force, interviewing witnesses, interacting with witnesses, interviewing victims, interacting with victims, internal investigation of uses of force by APD officers, defensive tactics, the use of chokes and chokeholds, other control restraints, addressing arrestees' medical issues, and investigation procedures.

**Interrogatory #2**: Please describe in detail the findings of all internal investigations in which you were involved (whether by the Aurora Police Department's Internal Affairs Division, the City of Aurora, or by any other individual/entity) during the entirety of your employment with the Aurora Police Department. Your response should include identification of any and all individual(s) responsible for conducting such investigations, the date(s) of and the manner in which the investigations were conducted, the nature of your involvement in such investigations, the date(s) of any and all interviews and/or statements you provided related to such investigations, the results and/or findings of such investigations, and the actions taken by the Aurora Police Department, The City of Aurora, or anyone else against you and/or any other individuals in response to such results and/or findings.

**Interrogatory #3**: Please describe in detail all complaints (whether formal or informal) that have been filed by any person and/or entity during your career in law enforcement alleging that you (individually and/or by and through your agents) utilized excessive force and/or violated any person's civil or other rights in your interactions with any person, specifying the name of the complainant, if known; the date (or approximate date) of the incident; the findings of any and all investigations conducted concerning the complaint; and the resulting disciplinary actions taken against you and/or other individuals relating to the complaint.

**Interrogatory #4**: Please provide your employment history for the time period from January 1, 2000 to the present, including for each job at which you have worked during that period of time, the name, address and telephone number of your employer, the dates of your employment, the job title and responsibilities in each such position; the reason(s) for the cessation of your employment; and the name of your immediate supervisor in each such position.

**Interrogatory #5**: Please describe in detail any and all disciplinary actions taken against you by any employer for which you have worked since January 1, 2000, specifying the circumstances surrounding and nature of each such disciplinary action, the nature, findings and resulting actions of any internal investigations conducted in relation to your conduct giving rise to such disciplinary action, the dates and duration of each such disciplinary action (including, but not limited to any probationary periods, suspensions, and/or terminations), and identification of any and all individuals (including supervisors) involved in implementing each such disciplinary action.

**Interrogatory #6**: If you have been arrested since January 1, 2000, please state the nature of the charges; the date of the arrest; and, if a conviction resulted, the jurisdiction and case number for the case, and the penalty imposed.

**Interrogatory #7**: Please identify and describe in detail all communications (whether written or not written) you have had with any other parties to this litigation or witnesses to the events giving rise to this litigation and/or that you overheard between any other individuals pertaining in any way to the allegations in Plaintiffs' Complaint at any time between December 22, 2015 and the present, excluding <u>only</u> those conversations between you and your counsel without others present.

**Interrogatory #8**: Please identify and describe in detail every instance in which you applied force to any person during the entirety of your employment with the Aurora Police Department.

**Interrogatory #9**: Please describe in detail all of your interactions with OyZhana Williams.  This Interrogatory seeks your detailed narrative description of everything you saw, heard, and did relating to OyZhana Williams on December 22, 2015 (or any other time), including why you conducted yourself as you did.

**Interrogatory #10**: Have you at any time since 2012 had a personal social media account on any social network (including, but not limited to Facebook, Instagram, or Twitter)?  If so, identify your social media accounts completely as described in the instructions, including the dates of your having such an account.

## REQUESTS FOR PRODUCTION

**Request for Production #1**: Please produce all documents relied upon in responding to any Interrogatories.

**Request for Production #2**: Please produce all documents you intend to or believe you may introduce or use as exhibits, and/or use for impeachment or rebuttal purposes during depositions or at trial in this matter.

**Request for Production #3**: Please produce all documents identified in your Disclosures and any Supplemental Disclosures pursuant to Fed. R. Civ. P. 26.

**Request for Production #4**: Please produce all documents related to the incident between Ms. Williams and the defendants on December 22, 2015. Responsive documents should include but not be limited to reports that describe any portion of the incident on December 22, 2015, police reports used in the prosecution of Ms. Williams, use of force reports, and reports created pursuant to any internal affairs investigation into the December 22, 2015 incident.

**Request for Production #5**: Please produce your resume, certifications, licenses, and other documents relating to your qualifications, training and credentials, including all modifications to same, from 2000 to the present.

**Request for Production #6**:  Please produce all documents related to any arrests or criminal convictions against you.


Respectfully submitted, October 25, 2017.


_s/Adam Frank_

Adam Frank
Faisal Salahuddin
FRANK & SALAHUDDIN LLC
1741 High Street
Denver, CO 80218
Telephone: (303) 974-1084

Fax: (303) 974-1085
fas@fas-law.com
adam@fas-law.com
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 25, 2017, I served a copy of the foregoing via electronic mail, addressed to the following:

Jonathan Abramson
jonathan@kandf.com

Mike Lowe
MLowe@brunolawyers.com

_s/Lena Andrews_____
FRANK & SALAHUDDIN LLC