**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02123-REB-KMT

OYZHANA WILLIAMS,

    Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity;
JOSE ORTIZ, Aurora Police Officer, in his individual capacity,

    Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST
SET OF COMBINED DISCOVERY REQUESTS**

COMES NOW, Defendants Michael Hawkins and Jordan Odneal, by and through their undersigned counsel of record, Mike T. Lowe and Carrie L. Slinkard of Bruno, Colin & Lowe, PC, and Defendant Jose Ortiz, by and through his counsel of record, Jonathan Abramson of Kissinger and Fellman, PC, and hereby submit Defendants' Responses to Plaintiff's First Set of Combined Discovery Requests, as follows:

**GENERAL OBJECTIONS**

The Scheduling Order permits Plaintiff to serve up to twenty-five (25) interrogatories to each Defendant, which, pursuant to the Federal Rules, includes all discrete subparts. Plaintiff's interrogatories to Defendants incorporate several distinct and independent questions, which potentially result in Defendants' being served interrogatories in excess of the limit prescribed by the Scheduling Order. Distinct and separate questions - meaning questions that can stand alone and are independent of the primary questions – must be

counted as separate interrogatories, notwithstanding the fact that they may be joined by conjunctive words and may be "related." *See Kendall v. GES Exposition Servs.*, 174 F.R.D. 684 (D. Nev. Aug. 8, 1997) (explaining process for determining whether subsequent questions within a single interrogatory should be counted as one interrogatory or separate interrogatories); *see also Semsroth v. City of Wichita*, Civil Action No. 06-2376-KHV-DJW, 2008 U.S. Dist. LEXIS 35380, at *10 (D. Kan. Apr. 28, 2008) (discussing how to count interrogatories which are directed at one or more particular plaintiffs or "plaintiff-specific" interrogatories). Defendants therefore object to Plaintiff's interrogatories on this basis, to the extent that such interrogatories exceed the number of permissible interrogatories set forth in the Court's Scheduling Order and related Federal Rules.

Defendants object to the definitions Plaintiff has included in his interrogatories, to the extent that such definitions impose additional burdens upon Defendants (and/or would impose more separate interrogatories) that are not required by the Federal Rules.

Defendants object to Plaintiff's Definitions and Plaintiff's Instructions on the basis that said Definitions and Instructions are overly broad, unduly burdensome, and in some cases, vague. Defendants will respond to Plaintiff's interrogatories in compliance with their obligations under the Federal Rules, without waiving any general objections by responding to said interrogatories.

Defendants object to any requests for information or responses directed to any other party in this matter, and Defendants submit these Responses as Defendants' responses.

Defendants object to Plaintiff's First Set of Combined Discovery Requests on the grounds that they are not relevant to any parties' claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## REQUESTS FOR ADMISSION

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

**Request for Admission #1**: Please admit that every action you took with respect to the circumstances alleged in Plaintiffs' Complaint was consistent with the training you received from the Aurora Police Department.

> **DEFENDANT HAWKINS'S RESPONSE:** Objection. Denied as phrased. Without waiving any objections, I admit that on the date of the incident in question, I was acting in a manner consistent with the training I received as a law enforcement officer from the Aurora Police Department.
>
> **DEFENDANT ODNEAL'S RESPONSE:** Objection. Denied as phrased. Without waiving any objections, I admit that on the date of the incident in question, I was acting in a manner consistent with the training I received as a law enforcement officer from the Aurora Police Department.
>
> **DEFENDANT ORTIZ'S RESPONSE:** Objection. Denied as phrased. Without waiving any objections, I admit that on the date of the incident in question, I was acting in a manner consistent with the training I received as a law enforcement

officer from the Aurora Police Department..

**Request for Admission #2**: Please admit that every action you took with respect to the circumstances alleged in Plaintiffs' Complaint was consistent with and pursuant to the customs, policies, and practices of the Aurora Police Department.

> **DEFENDANT HAWKINS'S RESPONSE:** Objection. Denied as phrased. Without waiving any objections, I admit that my conduct on the date in question was consistent with Aurora Police Department customs, policies, and practices.
>
> **DEFENDANT ODNEAL'S RESPONSE:** Objection. Denied as phrased. Without waiving any objections, I admit that my conduct on the date in question was consistent with Aurora Police Department customs, policies, and practices.
>
> **DEFENDANT ORTIZ'S RESPONSE:** Objection. Denied as phrased. Without waiving any objections, I admit that my conduct on the date in question was consistent with Aurora Police Department customs, policies, and practices.

**Request for Admission #3**: Please admit that you were not disciplined for any actions you took with respect to the circumstances alleged in Plaintiffs' Complaint.

> **DEFENDANT HAWKINS'S RESPONSE:** Admitted.
>
> **DEFENDANT ODNEAL'S RESPONSE:** Admitted.
>
> **DEFENDANT ORTIZ'S RESPONSE:** Admitted.

## INTERROGATORIES

**Interrogatory #1**: Please describe in detail all training provided to you during the entirety of your employment regarding the Aurora Police Department's policies, procedures and/or actual practices pertaining specifically to your employment with the Aurora Police

Department. Your response should include, but not necessarily be limited to, training you received regarding arrest, use of force, interviewing witnesses, interacting with witnesses, interviewing victims, interacting with victims, internal investigation of uses of force by APD officers, defensive tactics, the use of chokes and chokeholds, other control restraints, addressing arrestees' medical issues, and investigation procedures.

**RESPONSE TO INTERROGATORY NO. 1**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants object to Interrogatory No. 1 on grounds that it is vague, ambigious, speculative, and overbroad. Notwithstanding the objection, Defendants refer Plaintiff to the training records produced by the City of Aurora in response to Plaintiff's subpoena *duces tecum,* issued on November 24, 2017.

**Interrogatory #2**: Please describe in detail the findings of all internal investigations in which you were involved (whether by the Aurora Police Department's Internal Affairs Division, the City of Aurora, or by any other individual/entity) during the entirety of your employment with the Aurora Police Department. Your response should include identification of any and all individual(s) responsible for conducting such investigations, the date(s) of and the manner in which the investigations were conducted, the nature of your involvement in such investigations, the date(s) of any and all interviews and/or statements you provided related to such investigations, the results and/or findings of such investigations, and the actions taken by the Aurora Police Department, The City of Aurora, or anyone else against you and/or any other individuals in response to such results and/or findings.

5

**RESPONSE TO INTERROGATORY NO. 2**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants object to Interrogatory No. 2 on grounds that it is vague, ambigious, speculative, overbroad, and further, lacks any foundation. Additionally, Interrogatory No. 2 is not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

**Interrogatory #3**: Please describe in detail all complaints (whether formal or informal) that have been filed by any person and/or entity during your career in law enforcement alleging that you (individually and/or by and through your agents) utilized excessive force and/or violated any person's civil or other rights in your interactions with any person, specifying the name of the complainant, if known; the date (or approximate date) of the incident; the findings of any and all investigations conducted concerning the complaint; and the resulting disciplinary actions taken against you and/or other individuals relating to the complaint.

**RESPONSE TO INTERROGATORY NO. 3**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants object to Interrogatory No. 3 on grounds that it is vague, ambigious, speculative, overbroad, and further, lacks foundation. Additionally, Interrogatory No. 3 is not relevant to any party's claim or defense or proportional to the needs of the case,

considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

**Interrogatory #4**: Please provide your employment history for the time period from January 1, 2000 to the present, including for each job at which you have worked during that period of time, the name, address and telephone number of your employer, the dates of your employment, the job title and responsibilities in each such position; the reason(s) for the cessation of your employment; and the name of your immediate supervisor in each such position.

**RESPONSE TO INTERROGATORY NO. 4**

**DEFENDANT HAWKINS'S RESPONSE:** Defendant Hawkins objects to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome. Notwithstanding the objection, Defendant Hawkins responds by providing the following history of his employment in the 10-years immediately preceding the date of this Response:

> 04/2005 – Present: Employer: Aurora Police Department. Positions: Police Area Representative; Field Training Officer; Sergeant; and Professional Standards. Supervisor: Lt. Sam McGee. 15001 E. Alameda Pkwy, Aurora, CO. (303)739-6050.

**DEFENDANTS ODNEAL'S RESPONSE:** Defendant Odneal objects to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome. Notwithstanding the objection, Defendant Odneal responds by providing the following history of his employment in the 10-years immediately preceding the date

of this Response:

> 11/2003 – 10/2009: Employer: King Soopers. Position: Courtesy Clerk. Supervisor: Nicole Dufour, Service Manager, 4257 S. Buckley Road, Aurora, CO 80013. (303) 680-8600. Left the position to become a police officer with APD.
>
> 08/2006 – 10/2009: Employer: Security Department, CCA. Position: Security Officer. Supervisor: Scott Hostetter, Security Director, 16000 E. CentreTech Pkwy Room A101, Aurora, CO 80011. (303) 916-3516. Left position to become a police officer with APD.
>
> 05/2009 – 06/2009: Employer: Colorado State Parks. Position: Park Ranger, Title 33. Supervisor: John Carson, Ranger Supervisor. 4201 S. Parker Rd., Aurora, CO 80014. (303) 690-1166. Left the position to become a police officer with APD.

**DEFENDANT ORTIZ'S RESPONSE:** Defendant Ortiz objects to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome. Notwithstanding the objection, Defendant Ortiz responds by providing the following history of his employment in the 10-years immediately preceding the date of this Response:

> 07/2013 – Present: Employer: APD. Position: Patrol officer, following a 6-month academy. Supervisors: Sgt. Sheer, Sgt. Hawkins, Sgt. Douglas, Sgt. Baumfalk.
>
> 08/2011 – 07/2013: Employed with Upwind Solutions, located at 22330 County Road 44, Burlington, CO 80807, (541) 864-0977. Position held: Wind Tech. Supervisor: Ron Rendon. Defendant left the position to become a police officer with APD.
>
> 07/2009-12/2009: Employer: World Wind Services, 8525 Gibbs Dr., Suite 209, San Diego, CA 9213, (661) 754-2363. Position held: Wind Turbine Tech. Supervisor: Ivan Varela. Left position due to injury.
>
> 12/2007-05/2009: Employer: Hungry Howies Pizza, located at 37951 47th St. E, Palmdale, CA 93552, (661) 285-1100. Position held: Shift Supervisor. Supervisor: Gary Gilpatrick. Left position when store went out of business.

8

**Interrogatory #5**: Please describe in detail any and all disciplinary actions taken against you by any employer for which you have worked since January 1, 2000, specifying the circumstances surrounding and nature of each such disciplinary action, the nature, findings and resulting actions of any internal investigations conducted in relation to your conduct giving rise to such disciplinary action, the dates and duration of each such disciplinary action (including, but not limited to any probationary periods, suspensions, and/or terminations), and identification of any and all individuals (including supervisors) involved in implementing each such disciplinary action.

**RESPONSE TO INTERROGATORY NO. 5**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants object to Interrogatory No. 5 on grounds that it is vague, ambigious, speculative, and overbroad. Additionally, Interrogatory No. 5 is not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

**Interrogatory #6**: If you have been arrested since January 1, 2000, please state the nature of the charges; the date of the arrest; and, if a conviction resulted, the jurisdiction and case number for the case, and the penalty imposed.

**RESPONSE TO INTERROGATORY NO. 6**

**DEFENDANT HAWKINS'S RESPONSE:** Defendant objects to Interrogatory No.

9

6 on the grounds that it is overbroad and burdensome and not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit. Notwithstanding the objections, Defendant Hawkins answers Interrogatory No. 6 by stating that he has not been arrested within the 10-years immediately preceeding the date of this Response.

**DEFENDANTS ODNEAL'S RESPONSE:** Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad and burdensome and not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit. Notwithstanding the objections, Defendant Odneal answers Interrogatory No. 6 by stating that he has not been arrested within the 10-years immediately preceeding the date of this Response.

**DEFENDANT ORTIZ'S RESPONSE:** Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad and burdensome and not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the

burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit. Notwithstanding the objections, Defendant Ortiz answers Interrogatory No. 6 by stating that he has not been arrested within the 10-years immediately preceeding the date of this Response.

**Interrogatory #7**: Please identify and describe in detail all communications (whether written or not written) you have had with any other parties to this litigation or witnesses to the events giving rise to this litigation and/or that you overheard between any other individuals pertaining in any way to the allegations in Plaintiffs' Complaint at any time between December 22, 2015 and the present, excluding <u>only</u> those conversations between you and your counsel without others present.

**RESPONSE TO INTERROGATORY NO. 7**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants object to Interrogatory No. 7 on grounds that it is vague, ambigious, speculative, and overbroad. Additionally, Interrogatory No. 7 is not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

**Interrogatory #8**: Please identify and describe in detail every instance in which you applied force to any person during the entirety of your employment with the Aurora Police Department.

11

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants object to Interrogatory No. 8 on grounds that it is vague, ambigious, speculative, and overbroad. Additionally, Interrogatory No. 8 is not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

**Interrogatory #9**: Please describe in detail all of your interactions with OyZhana Williams. This Interrogatory seeks your detailed narrative description of everything you saw, heard, and did relating to OyZhana Williams on December 22, 2015 (or any other time), including why you conducted yourself as you did.

**RESPONSE TO INTERROGATORY NO. 9**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES:** Defendants refer Plaintiff to the narrative reports prepared by Defendants in reference to APD General Offense No. 2015-49851, in addition to the video footage recorded at the UC Health Center ER Entrance on December 22, 2015. All of the aforementioned materials have been provided to Plaintiff in Defendants' Initial Disclosures pursuant to Rule 26(a), dated November 13, 2017.

**Interrogatory #10**: Have you at any time since 2012 had a personal social media account on any social network (including, but not limited to Facebook, Instagram, or Twitter)? If so, identify your social media accounts completely as described in the instructions,

12

including the dates of your having such an account.

### RESPONSE TO INTERROGATORY NO. 10

**DEFENDANT HAWKINS'S RESPONSE:** Facebook. Instagram. LinkedIn.

**DEFENDANTS ODNEAL'S RESPONSE:** Facebook. Instagram. Twitter.

**DEFENDANT ORTIZ'S RESPONSE:** Facebook.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1** Produce all documents relied upon in responding to any Interrogatories.

### RESPONSE FOR REQUEST FOR PRODUCTION NO. 1

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ's RESPONSES**: Please see Defendants' Initial Disclosures previously produced to Plaintiff on November 13, 2017, pursuant to Rule 26(a).

**REQUEST FOR PRODUCTION NO. 2** Produce all documents you intend to or believe you may introduce as exhibits, and/or use for impeachment or rebuttal purposes during depositions or at trial in this matter.

### RESPONSE FOR REQUEST FOR PRODUCTION NO. 2

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES**: Defendants object to Request for Production No. 2 as vague and overbroad. Further, Defendants object to Request for Production No. 2 to the extent it appears to impose additional duties or burdens than those already required under the Federal Rules of Civil Procedure and the Court's Pre-Trial Order(s). Defendants will continue to comply with the Rules as well as any Orders issued by the Court.

Without waiving the aforementioned objections, Defendants respond that all documents and materials responsive to Plaintiff's Request for Production No. 3 have been previously disclosed and identified, in accordance with Defendants' obligations under Rule 26.

**REQUEST FOR PRODUCTION NO. 3** Produce all documents identified in your Disclosures and any Supplemental Disclosures pursuant to Fed. R. Civ. P. 26..

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 3**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES**: Defendants object to Request for Production No. 2 to the extent it appears to impose additional duties or burdens than those already required under the Federal Rules of Civil Procedure and this Court's Pre-Trial Order(s). Defendants will continue to comply with the Rules and any Orders issued by this Court. Without waiving the aforementioned objections, Defendants respond that all documents and materials responsive to Plaintiff's Request for Production No. 3 have been previously disclosed and identified, in accordance with Defendants' obligations pursuant to Rule 26.

**REQUEST FOR PRODUCTION NO. 4** Please produce all documents related to the incident between Miss Williams and the defendants on December 22, 2015. Responsive documents should include but not be limited to reports that describe any portion of the incident on December 22, 2015, police reports used in the prosecution of Ms. Williams, use of force reports, and reports created pursuant to any internal affairs investigation into the December 22, 2015 incident.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 4**

**DEFENDANTS HAWKINS, ODNEAL, and ORTIZ'S RESPONSES**: Defendants object to Request for Production No. 4 to the extent it appears to impose additional duties or burdens than those already required under the Federal Rules of Civil Procedure and the Court's Pre-Trial Order(s). Defendants will continue to comply with the Rules and any Orders issued by this Court. Additionally, Plaintiff's Request for Production No. 4 is not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit. Without waiving the aforementioned objections, Defendants respond that all documents and materials responsive to Plaintiff's Request for Production No. 4 have been previously disclosed and identified, in accordance with Defendants' obligations pursuant to Rule 26 and, specifically, refer Plaintiff to the narrative reports prepared by Defendants in reference to APD General Offense No. 2015-49851.

**REQUEST FOR PRODUCTION NO. 5** Please produce your resume, certifications, licenses, and other documents relating to your qualifications, training and credentials, including all modifications to same, from 2000 to the present.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 5**

**DEFENDANTS HAWKINS, ODNEAL, ORTIZ, AND SALAZAR'S RESPONSES**:

Defendants object to Request for Production No. 5 on grounds that is ambiguous,

vague, overbroad, and not relevant to any party's claim or defense or proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 6** Please produce all documents related to any arrests or criminal convictions against you.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 6**

**DEFENDANTS HAWKINS, ODNEAL, ORTIZ, AND SALAZAR'S RESPONSES**:

Defendants object to Request for Production No. 6 to the extent it appears to impose additional duties or burdens than those already required under the Rules. Further, Defendants objecto to Request for Production No. 6 as overbroad, ambiguous, vague, and not sufficiently limited in scope. Notwithstanding these objections, Defendants respond to Request for Production No. 6 by stating that in the 10-years immediately preceding the date of this Response, no such documents exist.

Respectfully submitted, December 1, 2017.

*s/Michael T. Lowe*
Michael T. Lowe
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO  80202
Telephone:  (303) 831-1099
Facsimile:   (303) 831-1088
E-mail:  mlowe@brunolawyers.com
*Attorney for Defendants Officers Hawkins and Odneal*

16

*s/ Jonathan M. Abramson*
Jonathan M. Abramson
KISSINGER & FELLMAN, P.C.
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209
Telephone:  303-320-6100
Facsimile:  303-327-8601
Email:  jonathan@kandf.com
*Attorney for Defendant Officer Ortiz*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017,  the foregoing DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS was electronically served to the following:

Adam Frank  adam@fas-law.com
Faisal Salahuddin  fas@fas-law.com

*s/Marla A. Brock*
Marla A. Brock, Paralegal
Bruno, Colin & Lowe, P.C.