

FRANK & SALAHUDDIN
ATTORNEYS AT LAW

1741 HIGH STREET | DENVER, CO 80218

December 12, 2017

Michael T. Lowe
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO 80202
mlowe@brunolawyers.com

Jonathan M. Abramson
Kissinger & Fellman, P.C.
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209
jonathan@kandf.com

VIA EMAIL

**Re: *Williams v. Hawkins et. al.* Rule 37 Demand for Immediate Supplementation**

Dear Counsel,

Having reviewed all Defendants' responses to Plaintiff's First Set of Combined Discovery Requests to Defendants, pursuant to Fed. R. Civ. P. 37(a)(3) and (4), we demand supplementation as explained below.

**Requests for Admission**
**RFA 1**: Your objection has no legal support and is not a proper objection.

**RFA 2**: Your objection has no legal support and is not a proper objection.

**Interrogatories**
**ROG 1**: This interrogatory asks for a detailed description of the training each defendant has received. It is not vague. It is not speculative. It is not ambiguous. It is not overbroad. Your objections are unwarranted. While I am in receipt of the documents provided by the City of Aurora, they do not constitute a statement by the defendant, while an interrogatory answer does. As such, referring to the documents produced by the City of Aurora is not an answer to the interrogatory.

**ROG 2**: Ms. Williams will limit ROG 2 to "internal investigations in which you were involved *as a subject of the investigation*." Even without this limitation, your objections are without merit. The interrogatory is not vague. It is not speculative. It is not ambiguous. It is not overbroad. It is founded in the needs of this case. It is relevant to Ms. Williams' claims against the defendants. It is proportional to the needs of the case. The interrogatory requests information concerning prior acts and allegations of misconduct by the defendants. Such information would be admissible at trial under FRE 404(b), FRE 406, and FRE 608, and is calculated to lead to further admissible

CRIMINAL DEFENSE | CIVIL RIGHTS | EMPLOYMENT LAW
T: 303-974-1084   F: 303-974-1085   WWW.FAS-LAW.COM

December 12, 2017
Page 2

information, including but not limited to witnesses to the defendants' prior acts of police misconduct. Such information would be reviewed by any retained expert and be a basis for their opinion.

**ROG 3**: Your objections are without merit. The interrogatory is not vague. It is not speculative. It is not ambiguous. It is not overbroad. It is founded in the needs of this case. It is relevant to Ms. Williams' claims against the defendants. It is proportional to the needs of the case. The interrogatory requests information concerning prior acts and allegations of misconduct by the defendants. Such information would be admissible at trial under FRE 404(b), FRE 406, and FRE 608, and is calculated to lead to further admissible information, including but not limited to witnesses to the defendants' prior acts of police misconduct. Such information would be reviewed by any retained expert and be a basis for their opinion.

**ROG 4**: To the extent that ROG 4 covers any time period when a defendant was still in high school, Ms. Williams will limit the ROG to the period of time beginning with high school graduation. With this limitation, your objections are without merit. The interrogatory is not unduly burdensome. It is not overbroad.

**ROG 5**: Ms. Williams will limit the ROG to the period of each defendant's employment with the Auroral Police Department. With this limitation, your objections are without merit. The interrogatory is not vague. It is not speculative. It is not ambiguous. It is not overbroad. It is founded in the needs of this case. It is relevant to Ms. Williams' claims against the defendants. It is proportional to the needs of the case. The interrogatory requests information concerning prior acts and allegations of misconduct by the defendants. Such information would be admissible at trial under FRE 404(b), FRE 406, and FRE 608, and is calculated to lead to further admissible information, including but not limited to witnesses to the defendants' prior acts of police misconduct. Such information would be reviewed by any retained expert and be a basis for their opinion.

**ROG 7**: Your objections are without merit. The interrogatory is not vague. It is not speculative. It is not ambiguous. It is not overbroad. It is founded in the needs of this case. It is relevant to Ms. Williams' claims against the defendants. It is proportional to the needs of the case. It seeks conversations about the events that are at the core of this case.

**ROG 8**: Your objections are without merit. The interrogatory is not vague. It is not speculative. It is not ambiguous. It is not overbroad. It is founded in the needs of this case. It is relevant to Ms. Williams' claims against the defendants. It is proportional to the needs of the case. The interrogatory requests information concerning prior acts and allegations of misconduct by the defendants. Such information would be admissible at trial under FRE 404(b), FRE 406, and FRE 608, and is calculated to lead to further admissible information, including but not limited to witnesses to the defendants' prior acts of police misconduct. Such information would be reviewed by any retained expert and be a basis for their opinion.

**ROG 9**: Ms. Williams demands supplementation of your answer to this ROG. If the police reports written by each defendant represent the sum total of everything each defendant saw, heard, and did relating to Ms. Williams on December 22, 2015, then they can so state in response to this interrogatory. However, a referral to a report that does not contain the sum total of everything each defendant saw, heard, and did does not answer the ROG. Please either state that the police reports

December 12, 2017
Page 3

represent the sum total of everything each defendant saw, heard, and did, or state the sum total of what each defendant saw, heard, and did in your answer.

**Requests for Production**

**RFP 4**: Your objections are without merit. The interrogatory is relevant. The interrogatory is proportional to the needs of the case. Ms. Williams demands supplementation, as your answer does not address the RFP's demand for use of force reports and internal affairs investigation reports. Please provide these documents immediately.

**RFP 5**: Your objections are without merit. The interrogatory is not vague. It is not ambiguous. It is not overbroad. It is founded in the needs of this case. It is relevant to Ms. Williams' claims against the defendants. It is proportional to the needs of the case.

I note that in response to Ms. Williams' discovery requests, you each produced zero documents. While you are free to take that position, I encourage you to reconsider it. We will be addressing each of these issues with the court if you do not, and you will be defending your responses to Ms. Williams' discovery.

Please let me know by December 19, 2017, if you will be supplementing your discovery responses or if we need to schedule a call with the court later that week. If you will not be supplementing your responses or withdrawing any of your objections, please let me know your availability for a call with the court on 12/20, 12/21, and 12/22.

Finally, if you have any questions regarding the demands for immediate supplementation contained in this letter, please do not hesitate to contact me.

Sincerely,

Adam Frank