| | |
|---|---|
| **From:** | Mike Lowe |
| **To:** | Lena Andrews; jonathan@kandf.com; Adam Frank |
| **Cc:** | Faisal Salahuddin; Marla Brock |
| **Subject:** | RE: Williams v Hawkins et al. Rule 37 Demand |
| **Date:** | Tuesday, December 19, 2017 3:18:01 PM |

Adam,

Please accept the following in response to your letter seeking supplementation of our discovery responses.

First, we agree to supplement Interrogatories #4, #7, and #9. With respect to Interrogatory #4, we will add such previous employment as our clients have record or recollection of following graduation from high school, as limited by your letter. With respect to Interrogatory #7, we will seek information from our clients regarding what recollection they may have of conversations with others referencing the arrest of Ms. Williams, and provide you that information. Candidly, I anticipate the responses to that inquiry will not be as detailed as you might expect. For example, I would expect that the officers may recall that some conversations occurred at the scene and during the course of the prosecution of the charges against Ms. Williams, but will likely have little or no recollection of the substance of those conversations. Similarly, the officers may speculate that conversations occurred in the course of standard post-arrest procedures (such as debriefing) because of common practice, but will have no specific recollection of whether such conversations actually occurred. We will nonetheless provide that information, if such is the case. With respect to Interrogatory #9, we will also inquire as to whether the officers' recollections of the events constitutes the "sum total" of "everything each defendant saw, heard and did," although I expect the response to that question is going to be "no." I expect the officers have recollections of mundane details that are not contained in their reports, for obvious reasons. To request that the officers provide a narrative of every detail of a scene, regardless of its relevance, is not only overbroad but burdensome as well. Nonetheless, to the extent the officers recall relevant details not included in their reports, we will make that inquiry and provide that information. As I noted in my prior email of this morning, in light of the holidays and the difficulties with calendars and vacations, I would ask for a few days following the holidays to meet with our clients and get that information for you.

Second, with respect to Requests for Admission #1 and #2, we attempted to provide you with the information we believed you were seeking by admitting that the officers' actions with respect to Ms. Williams' arrest were consistent with Aurora Police Department training and the customs, policies and practices of the Department, at least insofar as the officers understand those terms. However, the officers obviously are not going to admit to their "every action" with respect to the "circumstances alleged in Plaintiff's Complaint" as being consistent with Departmental training, policy, custom or practice, because Ms. Williams alleges in her Complaint that the officers engaged in excessive force and then lied in their reports. Admitting that their actions as alleged in the Complaint were consistent with training and policy would be admitting that the Department trains its officers to use excessive force and lie in reports, which it does not. Therefore, we believe our objection is well-founded, and our admissions are consistent with the information we believed you were seeking.

Third, with respect to Interrogatory #1, a record of all of the training the officers have received with Aurora is accurately preserved in the training documentation we believe you have been provided. If you have not been provided those records, please advise. In light of that

information, a request that the officers provide, "in detail," "all training … pertaining specifically to your employment," without specificity or limitation is overbroad and burdensome. Police officers train frequently and on an ongoing basis, and in a number of different subjects. Moreover, police officers receive employment training in a number of non-police related subjects with the City of Aurora, such as how to file a worker's compensation claim, how to improve workplace morale, and how to utilize various online benefits resources. Such information, we believe, is outside the scope of the Interrogatory. On a more practical basis, it would be functionally impossible for the officers to recall every training session they have ever received and describe it in any coherent manner. To ask them to do so is simply oppressive, particularly when the information you seek is contained in records that have been produced.

Fourth, with respect to Interrogatories #2, #3, #5, and #8, we believe that those Interrogatories request information that is subject to the currently pending motion before the Court, which is set for hearing in January. We will certainly revisit our supplementation of these Interrogatories following the Court's hearing and ruling on the objections to production of that information. In addition, the Interrogatories themselves contain terms and references to administrative procedures that the officers are unfamiliar with. For example, uses of force within the Aurora Police Department are categorized in such a way that some uses of force are subject to documentation and some are not, depending on the circumstances in which they are applied. Simple handcuffing, for example, can be a use of force in some circumstances and not in others. Similarly, the reference to "all complaints" in Interrogatory #3 is something the officers would not necessarily have knowledge of. While the City may have a process for receiving all complaints against police officers, individual officers are not privy to "every complaint" that may come in against them. Many complaints are responded to at the supervisory level without any notice ever being provide to a specific officer. To ask the officers to detail every complaint they have been subject to during their careers is therefore overbroad and burdensome, and implicates disclosure of information that is currently the subject of objection before the Court.

Finally, with respect to Requests for Production #4 and #5, we don't understand your dispute. All of the documents reasonably in the possession and/or control of the officers have been provided. With respect to the personnel information requested in #5, that documentation is currently the subject of objection and hearing in January. Of course, as with the Interrogatories referenced above, and to the extent such disclosure is not cumulative or repetitive, we will revisit supplementation of these requests following the Court's hearing and ruling in January.

With the foregoing in mind, we would welcome a telephone discussion of the foregoing issues at some point next week. As I mentioned in my earlier email, neither Jonathan's nor my own calendar allows for a call to the Court this week.  However, we are available Tuesday through Friday of next week (Monday being Christmas Day). We suggest that we coordinate a telephone conference to see if we can narrow the discovery further, and if not, set up a conference with Court to discuss the problems we're having.

Please advise as to your availability for a telephone conference next week.

Sincerely,

Michael T. Lowe
Bruno, Colin & Lowe, P.C.

1999 Broadway, Suite 4300
Denver, Colorado 80202
(303) 831-1099

Jonathan M. Abramson, Esq.
Kissinger & Fellman, P.C.
3773 Cherry Creek North Dr. #900
Denver, CO 80209
(303)-320-6100 Telephone
(303) 327-8601 Facsimile
(877) 342-3677 Toll Free
Email: jonathan@kandf.com
www.kandf.com

---

**From:** Lena Andrews [mailto:admin@fas-law.com]
**Sent:** Tuesday, December 12, 2017 11:37 AM
**To:** Mike Lowe <MLowe@brunolawyers.com>; jonathan@kandf.com
**Cc:** Adam Frank <adam@fas-law.com>; Faisal Salahuddin <fas@fas-law.com>
**Subject:** Williams v Hawkins et al. Rule 37 Demand

Counsel,

Attached is a Rule 37 Demand for Immediate Supplementation.

Please do not hesitate to contact me if you have any issues accessing the document.

I hope everyone is having a great Tuesday!

Best,

Lena Andrews
Paralegal
FRANK & SALAHUDDIN LLC
1741 High Street
Denver, CO 80218
Phone: 303-974-1084
Fax: 303-974-1085
www.fas-law.com

CONFIDENTIALITY NOTICE: This e-mail transmission contains information from FRANK & SALAHUDDIN LLC which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission