**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

*Civil Action No. 17-cv-02123-REB-KMT*

OYZHANA WILLIAMS,

 Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity; and
JOSE ORTIZ, Aurora Police Officer, in his individual capacity;

 Defendants.

**REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO QUASH SUPBPONA TO PRODUCE**

  The City of Aurora, Colorado (the "City"), by and through its undersigned counsel, hereby submits its Reply to Plaintiff's Response to its Motion to Quash Plaintiff's Subpoena to Produce, pursuant to the Court's minute order [Doc 31] and in advance of the hearing on the Motion to Quash set for January 22, 2018 [Doc. 26].

**INTRODUCTION**

  This present matter involves a Rule 45 subpoena for records served upon the City, a non-party to this lawsuit. In the Motion to Quash, the City took issue with five (5) categories of documents:

- Defendants' personnel files (#5 on the Subpoena).

- All disciplinary actions taken against the Defendants (#4 on the Subpoena).

- All complaints alleging excessive use of force or the violation of civil rights by the Defendants (#3 on the Subpoena).

1

- All internal affairs investigations that involve any claims of misconduct by the Defendants (#2 on the Subpoena).

- The internal affairs investigation into the December 22, 2015 incident giving rise to this lawsuit (portion of #6 on the Subpoena).

*See* Motion [Doc 23], Ex. 1.

The City seeks an order quashing the subpoena because the information sought is not relevant to the claims or defenses in this case and, with regards to the pending internal affairs investigation, is protective from discovery by the deliberative process privilege. Plaintiff's primary argument in her Response is that the City failed to meet its burden in establishing an "undue burden" under Fed. R. Civ. P. 45(d)(3)(A). Resp., at 3-4. Plaintiff's argument is based entirely on cases applicable to discovery disputes between parties. *See Rehberg v. City of Pueblo*, 2011 U.S. Dist. LEXIS 58776 (D. Colo. June 2, 2011); *Colo. Mills, Ltd. Liab. Co. v. Phila. Indem. Ins. Co.*, 2013 U.S. Dist. LEXIS 53467 (D. Colo. Apr. 15, 2013); *Chevron Corp. v. Snaider*, 78 F. Supp. 3d 1327 (D. Colo. 2015).[1] Plaintiff's argument fails to recognize the case specific inquiry for determining an undue burden under Rule 45 includes an analysis of relevancy. Plaintiff's Response does not remedy the relevancy issues raised by the City.

**REPLY**

A. <u>Relevancy is a threshold issue.</u>

A motion to quash is governed by Fed. R. Civ. P. 45(d)(3), which directs a court to quash a subpoena that subjects a person to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 45 does not specifically provide for a relevancy objection. However, "[o]verarching the provisions of Rule

---

[1] Notably, Plaintiff uses the exact same argument and case law in challenging Defendants "overly burdensome" discovery objection in her recently-filed Motion to Compel. Compare Response [Doc 32], at 3, with Motion to Compel [Doc. 35], at 7-8.

2

45, of course, is the general directive that discovery, whether from parties or non-parties, must be relevant." *Brunet v. Quizno's Franchise Co. LLC*, 2009 U.S. Dist. LEXIS 32865, at *8 (D. Colo. Apr. 1, 2009). "Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it." *Sun River Energy, Inc. v. Nelson*, 2011 U.S. Dist. LEXIS 45365, at *8 (D. Colo. Apr. 22, 2011) (*quoting Rendon Grp., Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) *citing* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 at 392-393 (3d ed. 2008)). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

It is this threshold discovery issue which forms the basis for the City's argument. As referenced in its Motion to Quash (Motion, at 4):

> Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on 'such factors as **relevance**, the need of the party for the documents, the **breadth** of the document request, the **time period** covered by it, the **particularity** with which the documents are described and the burden imposed.' Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure. Demonstrating relevance is the burden of the party seeking discovery.

*Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw*, 211 F.R.D. 658, 662-63 (D. Kan. 2003) (emphasis added). Further, "[c]ourts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure." *Echostar Communs. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (internal citations omitted).

The City does not argue that the subpoena creates an undue burden because of the physical or financial burden imposed upon it by the possible production, but because the challenged portions of the subpoena are irrelevant, overbroad in scope and in time, and vague in certain descriptions. *See* Motion at 8 (re: entire personnel files and all disciplinary actions); at 9 (re: all use of force and civil rights complaints), at 10 (re: all internal investigations). It is for those reasons that the subpoena is unduly burdensome and subject to being quashed.

With this standard in mind, the City addresses each category of documents that remain at issue and restates that Plaintiff continues to seek information that is not relevant to the claims and defenses in this case.

B. *Defendants have a privacy interest in personal and intimate matters contained within their police files.*

Plaintiff argues that because the Defendants' legitimate expectation of privacy is based on privacy statutes and regulations, it should fail. Plaintiff bases her conclusion on the Tenth Circuit dismissal of a federal constitutional privacy claim arising from a chief of police's statement to "the media (1) that the plaintiffs been reprimanded, and (2) that the reason for the reprimand was their ownership of the video store [that sold adult videos]." *Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir. 1989). The Tenth Circuit found that the "fact that the reprimands were issued was not information in which the plaintiffs had a legitimate expectation of confidentiality." *Id.* In examining the actual information forming the basis for the plaintiff's privacy claim in *Flanagan*, the Court found that "the information was not of a highly personal nature." *Id.* The Court noted that the "presence of privacy statutes and regulations may information our judgment concerning the constitutional right to privacy," but "such local acts, standing alone, fall short of the kind of

4

proof necessary to establish a broadly recognized, reasonable expectation of privacy which has been identified by precedent." *Id.*

The issue before this Court is the right to privacy and confidentiality in personal information contained in Plaintiff's broad request for records. "Since *Lichtenstein*, the court has continued to recognize a constitutional right to privacy and confidentiality in personal information within government records." *Mason v. Stock*, 869 F. Supp. 828, 833 (D. Kan. 1994). In *Lichtenstein*, the Tenth Circuit concluded that the officers had a legitimate expectation of privacy, because "statements by officers taken in the course of investigation are made with the understanding that they are confidential and will not be used for other purposes." *Denver Policemen's Protective Asso. v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981). It also recognized the compelling state interest – "the ascertainment of the truth." *Id.* at 436. The Court concluded that the compelling state interest outweighed the officers' privacy rights and affirmed the state court's order to disclose the information. *Id.*

The issues before this Court are more similar to *Lichtenstein* than to *Flanagan.* Here, Plaintiff has made broad requests for all disciplinary orders, all complaints related to civil rights and use of force, and all internal affairs investigations – regardless of the information contained in such records. As explained in the Motion to Quash, the Internal Affairs Bureau investigates a wide variety of issues of both on and off-duty conduct. *See* Motion, at 9. Statements by officers taken during IAB's investigations are made with the understanding that they are confidential, which can give rise to a reasonable expectation of privacy when the information being provided to the IAB is highly personal and intimate, which it may be. Additionally, Defendants have taken a step to

claim a privacy interest in the subpoena records. *See* Defendants' Motion for Joinder [Doc. 33]. For these reasons, Defendants have a privacy interest at stake in the requested records.

### C. *Personnel Records and production of "performance evaluations.*

Plaintiff has modified her request for the "entire personnel files" of each Defendant to a request for "(1) evaluations, (2) disciplinary information, and (3) applications (presumably for internal positions or promotions)." Resp., at 4. As an initial matter, the City stated in its Motion to Quash there was "some discipline information" in the City's personnel files for APD employees. Motion, at 7. This information is duplicative of the "disciplinary actions" category of records also sought by the Plaintiff and a subject of the City's Motion to Quash. The City's arguments specifically pertaining to disciplinary information aka "disciplinary actions" will be addressed in Section D *infra*.

Second, the "application information" referred to by the City in its Motion are employees' initial application information when he or she is first hired by the City. The City's personnel files do not contain *promotional* application information for Aurora police officers, as assumed by the Plaintiff.

The remainder of the request, as modified, seeks all performance evaluations for each Defendant. Without waiving its arguments on the other categories of documents, the City agrees to produce the requested performance evaluations.

### D. *Plaintiff fails to properly limit her request for "all prior disciplinary actions" and "all internal affairs investigations."*

Plaintiff maintains her request for all prior disciplinary actions on the basis that "Defendants … prior disciplinary actions … contain evidence of the Defendants' history of failing to honor the civil rights of people in Aurora as well as their character for truthfulness." Resp., at

6

5. Plaintiff then concludes "[s]uch documents are likely admissible and also reasonable calculated to lead to further admissible evidence." *Id.* Similarly, Plaintiff argues that she has a compelling need for Defendants' internal affairs files concerning Defendants' prior misconduct to "show the Defendants' motive to violate citizens' civil rights, intent to violate citizens' civil rights, that their actions were not a mistake or accident, that because of their habit of violating civil rights, it is more likely that they did so on this occasion, and that they have a history of making untrue statements." Resp., at 14.

These arguments appear to tailor the requests to specific disciplinary orders and internal affairs ("IA") investigations for civil rights violations and untruthfulness, similar to Plaintiff's request for all complaints. Yet, Plaintiff does not indicate a change to her request for all disciplinary actions and all IA investigations. In fact, Plaintiff makes the unsupported comment that APD may manipulate the discipline to hide the true nature of the underlying conduct.[2]

Plaintiff's requests for all disciplinary actions and all IA investigations are not sufficiently tailored to documents directly related to the claims at issue. *Reagan-Touhy v. Walgreen CO*., 526 F.3d 641, 648 (10th Cir. 2008). A requesting party should limit the scope of a request to documents that relate to similar issues in the past, even for defendants who play an important role in the incident that gives rise to the litigation. *Auguste v. Alderden*, 2008 U.S. Dist. LEXIS 63201 (D. Colo. Aug. 6, 2008). It is not apparent how disciplinary orders or IA investigations about policy violations that are wholly unrelated to excessive force (Hawkins and Odneal), unlawful seizure

---

[2] This appears to be an uncited quote from *Estate of Rice v. City & Cty. of Denver,* 2008 U.S. Dist. LEXIS 42381, at *24-25 (D. Colo. May 27, 2008). In *Estate of Rice,* the court found pre- and post-investigations relevant to the issue of policy or custom in a case involving a claim of municipal liability for failure to train and supervise.

(Hawkins), or unlawful arrest and malicious prosecution (all Defendants) are relevant to any party's claim or defense in this case.

Further, it is not apparent how all disciplinary orders and IA investigations from as early as April 2005 (Hawkins), January 2011 (Odneal), and July 2013 (Ortiz) or from January 2014 onward are relevant to an incident that occurred in December 2015. Here, Plaintiff argues that the rules of evidence do not contain an age-based bar. *See* Response at 6. Plaintiff's argument assumes relevance of all records for the entirety of each officer's employment with the City, which has yet to be established. The time period covered by the subpoena is one of the factors considered in the determination of undue burden for a Rule 45 subpoena. *Goodyear Tire*, 211 F.R.D. at 662-63. Further, time frame in discovery is frequently recognized as a way to limit the breadth of an otherwise overbroad request. *Shell v. Henderson*, 2013 U.S. Dist. LEXIS 35356, at *10 (D. Colo. Mar. 14, 2013) (finding an interrogatory overbroad in time limitation); *Bat v. A.G. Edwards & Sons, Inc.*, 2005 U.S. Dist. LEXIS 47995, at *25 (D. Colo. Nov. 18, 2005) (finding an interrogatory "should be limited in time reasonably related to the time of the plaintiff's termination"). Plaintiff makes no effort to limit the time of her requests and maintains requests that are overbroad and seek irrelevant information.

   E. *"Civil Rights" as used in Plaintiff's request for complaints remains a broad, undefined term, thus indicating a request for irrelevant information.*

Relying on *Rehberg* and *Auguste*, Plaintiff makes the broad assertion that "formal and information complaints regarding a civil rights defendant's past ***violations*** of civil rights fall within Fed. R. Civ. P. 26." Resp., at 9 (emphasis added). However, *Rehberg's* analysis is distinguishable in that it was focused on the need for discovery directed related "Plaintiff's contention that Defendant City failed to properly hire, train, supervise and discipline its police officers." *Rehberg*,

8

2011 U.S. Dist. LEXIS 58776, at *3.  We do not have any such claim in this case or issue to investigate. *Auguste* supports the proposition that discovery requests to be tailored to the claims at issue in the case. In *Auguste,* the request was limited to documents that related to complaints for search warrants, a concrete subset of 4th Amendment jurisprudence and the issue in that case. *Auguste,* 2008 U.S. Dist. LEXIS 63201, at *32. The term and scope of "civil rights" complaints is too broad in a case that involves specific violations of 4th Amendment rights as they relate to arrest, seizure, excessive force, detention and prosecution.  Plaintiff should tailor her request to the claims at issue in this case, as was done in *Auguste*, to avoid the possible production of irrelevant material.

### F. *The Deliberative Process Privilege Applies to the Pending Internal Affairs investigations into the Dec. 22, 2015 Incident.*

The City argues that the deliberative process protects the current pending IA investigations into the December 22, 2015 incident giving rise to this lawsuit. Motion, at 10. The City presented, and the Plaintiff does not dispute, the ten-factor test and balancing approach set forth in *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990). Plaintiff argues that her need for the pending investigation overcomes the privilege. Resp., at 11. Plaintiff argues that, in cases involving government misconduct, the privilege must yield. *Id.* However, this case is not about government misconduct or problems with the actual deliberations at issue. There is no municipal liability claim or allegation related to the investigation of this incident. Rather, the City argues that disclosure of a pending IA investigation, even when relevant, will "hinder frank and independent discussion" regarding the matter. *See* Motion, at 12-13; *See also Moreland Props., Ltd. Liab. Co. v. City of Thornton*, 2007 U.S. Dist. LEXIS 64755, at *5 (D. Colo. Aug. 31, 2007) (setting forth four factors to determine if a litigant's need overcomes the privilege). The City argues that disclosure of the pending IA investigation could actually hinder the investigation itself because the officers being

investigated, the Defendants, would have access to this information much earlier than the stated process allows. *See* Motion, at 14. Plaintiff argued she has an "urgent" need for this information, Resp., at 13, but she does not explain the urgency. Plaintiff is not foreclosed from repeating her request when the privilege no longer applies. However, given that the factual material in an internal investigation is intertwined with the deliberative material contained in the file, *see* Motion, at 14, disclosure would reveal the deliberative material before the Chief has an opportunity to conduct the actual deliberations protected by the privilege.

## CONCLUSION

The City intends to present its arguments as set forth above and in its Motion, along with its supporting evidence, at the hearing set for this matter on January 22, 2017. As the conclusion of that hearing, the City respectfully requests an order quashing those portions of the Subpoena that present an undue burden to the City because they are irrelevant to the claims and defenses in this case, and quashing Plaintiff's request for pending IA investigations that are protected by the deliberative process privilege.

Respectfully submitted this 16th day of January, 2018.

*s/ Nancy C. Rodgers*
Nancy C. Rodgers
OFFICE OF THE AURORA CITY ATTORNEY
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
Telephone: 303-739-7030
Facsimile: 303-739-7042
Email: nrodgers@auroragov.org
*Attorney for City of Aurora, Colorado*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 16th day of January 2018, I electronically filed the foregoing REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUPBPONA TO PRODUCE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Adam Frank, adam@fas-law.com, *Attorney for Plaintiff Williams*
Faisal Salahuddin, fas@fas-law.com, *Attorney for Plaintiff Williams*
Jonathan M. Abramson, jonathan@kandf.com, *Attorney for Defendant Ortiz*
Michael T. Lowe, mlowe@brunolawyers.com, *Attorney for Defendants Hawkins, Odneal*

                *s/ Nancy C. Rodgers*