**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

*Civil Action No.: 17-cv-002123-REB-KMT*

OYZHANA WILLIAMS,

    Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity; and
JOSE ORTIZ, Aurora Police Officer, in his individual capacity;

    Defendants.

**JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF No. 35)
RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS
FROM ALL DEFENDANTS**

COMES NOW, Defendants Michael Hawkins, Jordan Odneal, and Jose Ortiz, through their respective counsel of record, and hereby respond to Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents from all Defendants (ECF No. 35) as follows:[1]

**INTRODUCTION**

Plaintiff moves to compel Defendants' responses to Interrogatories 2, 3, 5, and 8 and Requests for Production 4 and 5. These discovery requests seek information that is currently subject to the City of Aurora's ("City") Motion to Quash (ECF No. 23), which Defendants have joined (ECF No. 33). Hearing on the City of Aurora's Motion to Quash is currently set for January 22,

---

[1] The Court has ordered an accelerated briefing schedule in responding to the Motion to Compel. *See* Minute Order Resetting Hearing on Motion dated January 17, 2018 (ECF No. 40). Defendants request leave to supplement any arguments at the hearing scheduled for January 22, 2018 at 1:30 p.m.

1

2018. Consistent with the request of the Parties and this Court's Local Rules, the Court joined hearing on the instant issues to the docket for January 22, 2018 as well (ECF No. 40).

On October 25, 2017, Plaintiff served Discovery Requests on Defendants which are the subject of Plaintiff's Motion to Compel. On October 30, 2017, the City agreed to waive service of a Subpoena to Produce Documents, Information, or Objects (the "Subpoena") from the Plaintiff. Plaintiff seeks to compel discovery of information which is similar, if not functionally identical, to that which Plaintiff seeks from the City in its Subpoena. Plaintiff seeks to compel answers and documentation to the following interrogatories and requests for production, which for purposes of clarity are set forth below with the similar Subpoena requests to the City in italics beneath:

> **Interrogatory #2**: Please describe in detail the findings of all internal investigations in which you were involved (whether by the Aurora Police Department's Internal Affairs Division, the City of Aurora, or by any other individual/entity) during the entirety of your employment with the Aurora Police Department. Your response should include identification of any and all individual(s) responsible for conducting such investigations, the date(s) of and the manner in which the investigations were conducted, the nature of your involvement in such investigations, the date(s) of any and all interviews and/or statements you provided related to such investigations, the results and/or findings of such investigations, and the actions taken by the Aurora Police Department, The City of Aurora, or anyone else against you and/or any other individuals in response to such results and/or findings.

*All internal investigations that involved claims of misconduct by Defendants during their employment with the APD.*

*All complaints, whether formal or informal, alleging the use of excessive force or the violation of civil rights by Defendants during their employment with the APD.*

*The entire personnel files for Defendants based on their employment with the APD.*

*All documents related to the December 22, 2015 incident, including reports or documents created pursuant to any internal affairs investigation into the incident.*

**Interrogatory #3**: Please describe in detail all complaints (whether formal or informal) that have been filed by any person and/or entity during your career in law enforcement alleging that you (individually and/or by and through your agents) utilized excessive force and/or violated any person's civil or other rights in your interactions with any person, specifying the name of the complainant, if known; the date (or approximate date) of the incident; the findings of any and all investigations conducted concerning the complaint; and the resulting disciplinary actions taken against you and/or other individuals relating to the complaint.

*All complaints, whether formal or informal, alleging the use of excessive force or the violation of civil rights by Defendants during their employment with the APD.*

**Interrogatory #5**: Please describe in detail any and all disciplinary actions taken against you by any employer for which you have worked since January 1, 2000, specifying the circumstances surrounding and nature of each such disciplinary

3

action, the nature, findings and resulting actions of any internal investigations conducted in relation to your conduct giving rise to such disciplinary action, the dates and duration of each such disciplinary action (including, but not limited to any probationary periods, suspensions, and/or terminations), and identification of any and all individuals (including supervisors) involved in implementing each such disciplinary action.

*Any disciplinary actions taken against Defendants during their employment with the APD.*

**Interrogatory #8**: Please identify and describe in detail every instance in which you applied force to any person during the entirety of your employment with the Aurora Police Department.

*All complaints, whether formal or informal, alleging the use of excessive force or the violation of civil rights by Defendants during their employment with the APD.*

**Request for Production #4**: Please produce all documents related to the incident between Ms. Williams and the defendants on December 22, 2015. Responsive documents should include but not be limited to reports that describe any portion of the incident on December 22, 2015, police reports used in the prosecution of Ms. Williams, use of force reports, and reports created pursuant to any internal affairs investigation into the December 22, 2015 incident.

*All documents related to the December 22, 2015 incident, including reports or documents created pursuant to any internal affairs investigation into the incident.*

**Request for Production #5**: Please produce your resume, certifications, licenses, and other documents relating to your qualifications, training and credentials, including all modifications to same, from 2000 to the present.

*The entire personnel files for Defendants based on their employment with the APD.*

## BURDEN OF PROOF

The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (*citing Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

## ARGUMENT

As noted above, Defendants have joined in the City's position that this information is not relevant and protected, and have joined in the arguments and authority set forth in support thereof (ECF No. 33).[2] Interrogatories 2, 3, 5, and 8 seek information that is subject to the pending Motion to Quash by the City, which is currently before this Court for hearing. To the extent the Court may disagree with the City's and the Defendants' position that the sought-after information is protected by individual and institutional privacy interests, is not relevant, is overbroad and burdensome to

---

[2] The Defendants incorporate by reference the City of Aurora's arguments in the Motion to Quash (ECF No. 23), the City of Aurora's Reply Brief (ECF No. 39) and the Defendants' Motion to Join (ECF No. 33).

5

produce, and seeks information out of proportion to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1), Defendants have cooperated—and continue to cooperate in good faith—in ongoing discovery issues with Plaintiff by making it clear to Plaintiff that they will supplement their responses according to Court direction. In an email to Plaintiff's counsel on December 19, 2017, counsel for the Defendants stated:

> [W]ith respect to Interrogatories #2, #3, #5, and #8, we believe that those Interrogatories request information that is subject to the currently pending motion before the Court, which is set for hearing in January. We will certainly revisit our supplementation of these Interrogatories following the Court's hearing and ruling on the objections to production of that information.

*See* Email dated December 19, 2017, attached hereto as Exhibit 1. Put simply, Plaintiff has not met her burden of proving that Defendants' answers are incomplete. *Bayview Loan Servicing, LLC*, 259 F.R.D. at 518. Defendants have never refused to provide discovery responses, and have informed Plaintiff that once a ruling is received from the Court on the City's Motion to Quash—a ruling that may significantly narrow the scope of Plaintiff's requests and relieve the burdensome nature of Defendants responsive obligations—Defendants will accordingly supplement their responses.

In addition to the foregoing, Exhibit 1 also details Defendants' issues with the irrelevant, overbroad, burdensome and vague nature of Plaintiff's Interrogatories. As a notable example, in her Motion to Compel, Plaintiff raises the issue of the Defendants' understanding of the term "use of force" (ECF No. 35 at 7). However, Plaintiff does not use that term in her Interrogatories. Rather, Plaintiff simply uses the broad and undefined term "force," which in the context of civil rights law and law enforcement operations has a completely different meaning than it does more commonly. *See* Interrogatory #8, *supra* ("Please identify and describe in detail every instance in which you applied force to any person during the entirety of your employment with the Aurora Police Department …"). It was

6

for this reason that Defendants attempted in Exhibit 1 to clarify use of ambiguous and overbroad terms:

> [T]he Interrogatories themselves contain terms and references to administrative procedures that the officers are unfamiliar with. For example, uses of force within the Aurora Police Department are categorized in such a way that some uses of force are subject to documentation and some are not, depending on the circumstances in which they are applied. Simple handcuffing, for example, can be a use of force in some circumstances and not in others. Similarly, the reference to "all complaints" in Interrogatory 3 is something the officers would not necessarily have knowledge of. While the City may have a process for receiving all complaints against police officers, individual officers are not privy to "every complaint" that may come in against them. Many complaints are responded to at the supervisory level without any notice ever being provide to a specific officer. To ask the officers to detail every complaint they have been subject to during their careers is therefore overbroad and burdensome, and implicates disclosure of information that is currently the subject of objection before the Court.

Exhibit 1. Despite these attempts at clarifying the terms and breadth of Plaintiff's requests, no offer to define the terms used or narrow their scope was made by Plaintiff. Again, in addition to being vague and overbroad, the requested information is also subject to the Court's ruling on the Motion to Quash, and Defendants will, of course, supplement their responses consistent with that ruling as indicated in Exhibit 1 ("Of course, as with the interrogatories referenced above, and to the extent such disclosure is not cumulative or repetitive, we will revisit supplementation of these requests following the Court's hearing and ruling in January.").

The same issues as set forth above are present with respect to Requests for Production #4 and #5. The records requested by Plaintiff in connection with these Interrogatories implicate information that is subject to the Court's ruling at hearing. In addition, the breadth of the request seeks documents not in the possession or control of Defendants. While Plaintiff suggests in her Motion to Compel that internal investigation and personnel documents are subject to "the legal right to obtain the documents on demand," (ECF No. 35 at 10 (quoting *Tomlinson v. El Paso Corp.*, 245

7

F.R.D. 474 (D. Colo. 2007)), such is not the case. Aurora Police Officers do not, in fact, have unfettered access to such documents simply at their request, and the City of Aurora maintains procedural protections preventing such "on demand" access. Moreover, Defendants here are unaware of any "legal right" they have pursuant to statute to obtain such records on demand. And with respect to the "training" files sought by Request for Production #5, it is Defendants' good faith belief that the City has agreed to produce those files to Plaintiff, and has in fact done so.

Finally, Plaintiff's Motion to Compel is premature insofar as it seeks to compel production of information subject to this Court's pending ruling on the issues presented at the currently scheduled hearing on January 22, 2018. Defendants have indicated, in writing, their willingness to supplement the Interrogatories and Requests for Production consistent with that anticipated ruling, and have not simply refused to provide the requested information. Indeed, the cooperation between the parties in that regard is evidenced by the agreements reached with respect to other challenged requests, as noted in Exhibit 1. This ongoing cooperation and the lack of any prejudice to either Party is particularly apparent when considered in light of the fact that discovery is still in its infancy in this matter, and it is anticipated that any disclosure issues will be resolved amicably between the Parties well in advance of the currently scheduled discovery cutoff date of May 18, 2018.

WHEREFORE, because Plaintiff's Motion to Compel addresses information which is the subject of the City's currently pending Motion to Quash, and for good cause shown, Defendants respectfully request this Honorable Court enter an Order denying Plaintiff's Motion to Compel (ECF No. 35).

Dated this 19th day of January 2018.

| | |
|---|---|
| *s/ Michael T. Lowe*<br>Michael T. Lowe<br>Bruno, Colin & Lowe, P.C.<br>1999 Broadway, Suite 4300<br>Denver CO 80202<br>(303) 831-1099<br>Fax: (303) 831-1088<br>mlowe@brunolawyers.com<br>*Counsel for Defendants Michael Hawkins and Jordan Odneal* | *s/ Jonathan M. Abramson*<br>Jonathan M. Abramson<br>KISSINGER & FELLMAN, P.C.<br>Ptarmigan Place, Suite 900<br>3773 Cherry Creek North Drive<br>Denver, CO 80209<br>Telephone: 303-320-6100<br>Facsimile: 303-327-8601<br>Email: jonathan@kandf.com<br>*Attorney for Defendant Jose Ortiz (individual capacity only)* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Adam Frank, Esq. [adam@fas-law.com]
Faisal Salahuddin, Esq. [fas@fas-law.com]
*ATTORNEYS FOR PLAINTIFF*

Michael T. Lowe, Esq. [mlowe@brunolawyers.com]
*ATTORNEY FOR DEFENDANTS HAWKINS AND ODNEAL*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:  *N/A*

By:   *s/ Jonathan M. Abramson*
Jonathan M. Abramson
KISSINGER & FELLMAN, P.C.
Ptarmigan Place, Suite 900
3773 Cherry Creek North Drive
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
Email: jonathan@kandf.com
*Attorney for Defendant Jose Ortiz (individual capacity only)*