# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

*Civil Action No.: 17-cv-002123-REB-KMT*

---

OYZHANA WILLIAMS,

      Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity;
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity; and
JOSE ORTIZ, Aurora Police Officer, in his individual capacity;

      Defendants.

---

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

COME NOW, Defendants Jordan Odneal and Jose Ortiz, through their respective counsel of record, and hereby submit Defendants' Motion for Protective Order, pursuant to Fed. R. Civ. P. 26(c), 30(d)(3)(B) and D.C.COLO.LCivR 30.2(a), as follows:

### CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 7.1(a), undersigned counsel certify that they have conferred in good faith with Plaintiff's counsel. Plaintiff's counsel opposes the relief requested in this Motion.

### I.    INTRODUCTION

On February 28, 2018, Plaintiffs' counsel issued a Notice of Deposition to Officer Jose Ortiz. A Notice of Deposition for Officer Jordan Odneal was issued on March 1, 2018. *See* Notices of Depositions of Jose Ortiz and Jordan Odneal ("Notices"), attached hereto as Exhibit A.

The Notices command the Defendant Officers to appear at Plaintiff's counsel's office located at 1741 High Street, Denver, Colorado 80218 at the agreed upon dates and times.  The Notices also contain the following command:

> No firearms shall be allowed in the deposition room. However, if requested in advance a lockbox for any firearms will be provided along with the key to the lockbox.

Prior to the Notices being issued, Plaintiff's counsel did not mention the condition to disarm.  Undersigned counsel conferred with Plaintiff's counsel to resolve the matter without Court intervention.  Undersigned counsel proposed the following no-additional-cost alternatives for taking the Defendant Officers' depositions:

- Video Deposition;
- Phone Deposition;
- Skype or other no cost video conference technology available on computers;
- FaceTime on an iPad or other no cost video conference technology available on portable devices or tablets.

*See* e-mail between defense counsel and Plaintiff's counsel beginning March 1, 2018, attached hereto as Exhibit B. Undersigned counsel also proposed an additional alternative that the depositions be held in a secure facility such as the Federal Courthouse.  *See* Exhibit B.  In a further effort to resolve this matter without Court intervention and to arrive at a reasonable resolution, on March 2, 2018, attorney Jonathan Abramson emailed Plaintiff's counsel a copy of APD Directive 08.03.  The Aurora Police Department Directives Manual expressly prohibits the City's officers from surrendering their weapons when appearing for employment-related depositions or other legal proceedings at private law offices, such as the office of Plaintiffs' counsel. Specifically, Section 08.03 of the Aurora Police Department Directives Manual provides:

> On-duty officers appearing for a job-related deposition or other legal proceeding at private law offices will not surrender their weapons upon the demands of any party.

*See* Aurora Police Department Directive 08.03: Court, 8.3.3(c) Member Duties and Responsibilities, at p. 6, attached hereto as Exhibit C.[1]

Plaintiff's counsel refused to hold the depositions at the Federal Courthouse and refused the alternative, no-cost methods proposed by Defendants. Plaintiff's counsel instead offered an alternative proposal as follows:

> . . . [w]e would provide a secure lock box for your clients to place their guns in during the deposition. We would also agree to allowing your clients to bring their own lock box if that helps. If your clients have some sort of security concern that is not addressed by allowing them to have their gun in a lockbox, we would be amenable to letting you have an armed officer in our main lobby area.

*See* Exhibit B. Plaintiff's counsel has provided no justification for why they will not accept *any* of the alternative, no-cost methods proposed by undersigned counsel. While Plaintiff's counsel suggested that the Defendant Officers could place their service weapons in a lockbox and that the they could post another officer in the lobby during the depositions, that method would still violate the Aurora Police Department's directive, result in additional costs to the City, contravene state law, and place the officers in a vulnerable position.

---

[1] APD officers are subject to and required to comply with Section 08.03 of the Aurora Police Department Directives Manual and are not permitted to surrender their weapons while sitting for a deposition at the office of Plaintiff's counsel. Further, violating that written policy could subject the officers to discipline and sanctions. This Court should protect the City's commissioned law enforcement officers from the oppressive and unduly burdensome policy.

Officers Odneal and Ortiz respectfully request that this Court issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1)[2] and order Plaintiff to amend the Notices of Depositions of Defendants Ortiz and Odneal to delete the paragraph commanding the Defendant Officers to disarm. Officers Odneal and Ortiz request this Court order the place of the subject depositions be changed to the Federal Courthouse and/or to order that the depositions be taken via one of the alternatives previously proposed by Defendants.

## II. ARGUMENT

**A.** **This Court Has Previously Ordered That Depositions of Commissioned Law Enforcement Officers Who Have Been Ordered by Their Employer to Be Armed at All Times Shall Be Conducted at the Federal Courthouse Rather Than at the Office of Plaintiffs' Counsel.**

Whether commissioned law enforcement officers who have been ordered by their employer to be armed at all times and who are expressly authorized under Colorado law to carry their service weapons at all times (*see infra* § C) must disarm when appearing for a deposition at a private law office has been ruled upon in this jurisdiction. For example, in District of Colorado case *Graber v. City & County of Denver et al.*, Case No. 1:09-cv-01029-JLK-MJW, the plaintiff served notices of deposition on one of the defendants and another witness, both of whom were commissioned Denver police officers. Minute Order, at 1, *Graber v. City & Cnty. of Denver*, No. 1:09-cv-01029-JLK-MJW (D. Colo. Apr. 5, 2010). The notices contained the following language:

> Neither the deponent nor anyone else attending the deposition may possess a firearm during the deposition. If the deponent has a firearm, (s)he will be required to place the firearm in a lockbox throughout the duration of the deposition. Please take notice that the

---

[2] Fed. R. Civ. P. 26(c)(1) provides that "[a] party . . . may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

> deposition will not commence if the deponent is armed. If the
> deponent refuses to voluntarily disarm prior to the deposition
> Plaintiff reserves the right to cancel and reschedule the deposition
> and seek reimbursement for costs and attorney fees associated with
> the termination and rescheduling of said deposition.

Ex. A to Defs.' Mot. for Protective Order, at 1–2, *Graber v. City & Cnty. of Denver*, No. 1:09-cv-01029-JLK-MJW (D. Colo. Mar. 12, 2010).

Defendants' counsel conferred with Plaintiff's counsel, offering to hold the depositions at the federal courthouse or at the office of the defendants' counsel.  Defs.' Mot. For Protective Order, at 6–7, *Graber v. City & Cnty. of Denver*, No. 09-cv-01029-JLK-MJW (D. Colo. Mar. 12, 2010). Plaintiff's counsel refused even though police officers must pass through a metal detector and surrender their weapons to the custody of armed U.S. Marshalls when entering the federal courthouse.  *Id.* at 6.  The defendants filed a motion for protective order requesting that the Court order the place of the subject depositions be changed to either the office of defendants' counsel or the federal courthouse. *Id.* at 8. The deponents' request that they not be required to disarm at the private law office of Plaintiff's counsel was based in large part on Denver Police Department's Policies, Rules, and Regulations, which provided that "Officers are held to be always on duty" and that "*Officers shall . . . be armed at all times*." *Id.* at 5 (emphasis in original).

Judge Kane granted the relief sought by Denver.  Recognizing that the officers were bound by their employer's directives, Judge Kane ruled in a Minute Order:

> Essentially, the parties are unable to agree on the location and
> conditions of the depositions of Defendant Shawn Miller and
> witness Tab David – both commissioned Denver Police Officers. I
> find a prohibition on the presence of firearms at these depositions
> both reasonable and prudent. *I am not, however, oblivious to the
> concerns of the deponents, who are required by their employer to
> either carry or have ready access to their weapons at all times.*

> With these considerations in mind, *I order that the depositions of Defendant Shawn Miller and witness Tab Davis shall be conducted in the Jury Deliberation Suite [at the federal courthouse].* Parties shall confer with my chambers to select a mutually acceptable time and date.

Minute Order, at 1, *Graber v. City & Cnty. of Denver*, No. 1:09-cv-01029-JLK-MJW (D. Colo. Apr. 5, 2010) (emphasis added).

Similarly, in the District of Colorado case *Lee v. City & County of Denver et al.*, Case No. 1:14-cv-02574-RBJ, Plaintiff's counsel sought to amend the operative scheduling order to prohibit commissioned law enforcement officers from carrying firearms during depositions. Pl.'s Mot. to Amend the Scheduling Order to Exclude Firearms During Depositions and for Protective Effectuating This Amendment, at p. 1, *Lee v. City & Cnty. of Denver et al.*, Case No. 1:14-cv-02574-RBJ (D. Colo. Aug. 3, 2015).  Judge Jackson denied Plaintiff's motion, stating that the parties' "dispute [was one] that reasonable counsel should have resolved." Order Den. 38 Mot., *Lee v. City & Cnty. of Denver et al.*, Case No. 1:14-cv-02574-RBJ (D. Colo. Aug. 25, 2015).  The Court refused Plaintiff's request that the officers be required to disarm and ordered the parties to take any remaining depositions in the federal courthouse. *Id.*

Other judges in this District have also routinely ordered that parties take depositions at the federal courthouse.  *See, e.g.*, Minute Order, at 1, *Waller v. Lovingier*, Case No. 1:14-cv-02109-WYD-NYW (D. Colo. Mar. 9, 2016) (Wang, J.) (ordering in response to plaintiff's "objection to the deputies' firearms in the deposition" that the parties "determine if there is an alternate location and time where the depositions may occur to allow the deputies to lock their firearms appropriately"); Minute Order, at 1, *White v. City & Cnty. of Denver*, No. 1:13-cv-01761-CMA-MJW (D. Colo. May 2, 2014) (Watanabe, J.); Courtroom Minutes, at 2, *Moore v. Miller*, Case No.

1:10-cv-00651-JLK-MJW (D. Colo. Aug. 24, 2010) (Kane, J.) (ordering that depositions be held in the federal courthouse if counsel could not agree on another location); Minute Order, at 1, *Rodriguez v. Chavez*, Case No. 1:12-cv-01071-PAB-MJW (D. Colo. June 23, 2014) (Watanabe, J.) (ordering that the depositions of Denver Police Officers be taken either at the Alfred A. Arraj U.S. Courthouse or the Byron Rogers U.S. Courthouse); Minute Order, at 1, *Margarita Madrigal et al. v. City of Aurora et al.*, Case No. 12-cv-01918-PAB-MJW (D. Colo. July, 17, 2013) (Watanabe, J.) (ordering adopting Judge Kane's reasoning in *Graber v. City & Cnty. of Denver* and granting the City of Aurora's Expedited Motion for Protective Order and Request for Provision of Location for Aurora Police Officer Depositions Within Federal Courthouse for the District of Colorado).[3]

**B.      Plaintiffs' Deposition Notice Is Contrary to the Federal Rules of Civil Procedure.**

Fed. R. Civ. P. 30(b)(1) addresses the general requirements for noticing a deposition. The Rule provides that the notice "must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The Rule does not provide for or permit the party noticing the deposition to unilaterally command the deponent to wear or not wear certain articles or equipment. *See id.* There is therefore no legal authority for Plaintiff to include in the Notice a unilateral command to disarm.

---

[3] Defendants are aware of the Court's Order in *Gabani v. City & Cnty. Of Denver*, No. 15-cv-00033-RPM (D. Colo. May 5, 2016), in which the Court ordered that the deposition of a police officer proceed at the office of Plaintiffs' counsel and that the officer secure his weapon with a trigger lock device while in attendance. Trigger locks, however, are not a viable option for Aurora Police Department officers. Requiring Aurora Police Department officers and command staff to place trigger locks on their service weapons during depositions in this matter would be equivalent to requiring them to "surrender" their service weapons—in violation of Section 08.03 of the Aurora Police Department Directives Manual and in violation of state law (*see infra* § C).

**C.      Colorado Law Expressly Authorizes Commissioned Law Enforcement Officers to Carry Their Service Weapons *At All Times*; An Order Requiring the City's Officers to Disarm Would Contravene State Law.**

Colorado law expressly authorizes commissioned law enforcement officers to carry their service weapons *at all times*:

> A peace officer certified by the peace officers standards and training board *shall have the authority to carry firearms at all times*, concealed or otherwise, subject to the written firearms policy created by the agency employing the peace officer.

Colo. Rev. Stat. § 16-2.5-101(2) (emphasis added).   A law enforcement officer's authority to always carry his or her service weapon is further supported by Colo. Rev. Stat. § 18-12-102(5), which provides that it "shall be an affirmative defense to the charge of possessing a dangerous weapon, or to the charge of possessing an illegal weapon, that the person so accused was a peace officer . . . acting in the lawful discharge of his duties." *Id.* § 18-12-102(5); *see also, e.g.*, *id.* § 18-12-101 ("It shall be an affirmative defense to any provision of this article that the act was committed by a peace officer in the lawful discharge of his duties.").

The City's officers are considered "peace officers" under Colorado law.   Therefore, Plaintiff's unilateral directive that the City's officers and command staff disarm for their depositions is oppressive and unduly burdensome, and an order sanctioning that directive would contravene Colorado law.

## III.  CONCLUSION

For the foregoing reasons, Officers Odneal and Ortiz respectfully requests that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1).  Holding the depositions at the federal courthouse would not inconvenience Plaintiff's counsel.   The office of Plaintiff's counsel is located at 1741 High Street, Denver, Colorado 80218 near downtown Denver.  The Byron R. White

United States Courthouse is located at 1823 Stout Street in downtown Denver and the Alfred A. Arraj United States Courthouse is located at 901 19th Street in downtown Denver, each less than two miles from Plaintiff's counsel's office.  Nonetheless, Plaintiff's counsel refuses to conduct the depositions at the nearby Federal Courthouses, as Judge Kane, Judge Jackson, and Judge Watanabe identified as a viable and safe alternative

Plaintiff's refusal to conduct the depositions anywhere but the offices of her counsel or by alternative, no-cost means is a unilateral and transparent attempt to intimate, annoy, oppress, and harass the Defendants, who have sworn an oath to uphold the law.  Accordingly, Officers Odneal and Ortiz request this Court issue the requested protective order.

Respectfully submitted this 7th day of March, 2018.

| s/ Michael T. Lowe | s/ Jonathan M. Abramson |
|---|---|
| Michael T. Lowe | Jonathan M. Abramson |
| Carrie Lynn Slinkard | Jordan C. Lubeck |
| Bruno, Colin & Lowe, P.C. | Kissinger & Fellman, P.C. |
| 1999 Broadway, Suite 4300 | 3773 Cherry Creek North Drive, Suite 900 |
| Denver, CO 80202 | Denver, CO 80209 |
| Telephone: 303-831-1099 | Telephone: 303-320-6100 |
| Facsimile: 303-831-1088 | Facsimile: 303-327-8601 |
| Email: mlowe@brunolawyers.com | Email: jonathan@kandf.com |
| cslinkard@brunolawyers.com | jordan@kandf.com |
| *Counsel for Defendants Michael Hawkins and Jordan Odneal (individual capacity only)* | *Attorneys for Defendant Jose Ortiz (individual capacity only)* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Adam Frank, Esq. [adam@fas-law.com]
Faisal Salahuddin, Esq. [fas@fas-law.com]
*ATTORNEYS FOR PLAINTIFF*

Michael T. Lowe, Esq. [mlowe@brunolawyers.com]
Carrie Lynn Slinkard, Esq. [cslinkard@brunolawyers.com]
*ATTORNEYS FOR DEFENDANTS HAWKINS AND ODNEAL*

Nancy C. Rodgers, Esq. [nrodgers@auroragov.org]
*ATTORNEY FOR NON-PARTY CITY OF AURORA*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name: *N/A*

By:     ***s/ Jonathan M. Abramson***
        Jonathan M. Abramson
        Jordan C. Lubeck
        KISSINGER & FELLMAN, P.C.
        Ptarmigan Place, Suite 900
        3773 Cherry Creek North Drive
        Denver, CO 80209
        Telephone:  303-320-6100
        Facsimile:  303-327-8601
        Email:  jonathan@kandf.com; jordan@kandf.com
        *Attorneys for Defendant Jose Ortiz (individual capacity only)*