IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–02123–REB–KMT

OYZHANA WILLIAMS,

    Plaintiff,

v.

MICHAEL HAWKINS, Aurora Police Sergeant, in his individual capacity,
JORDAN ODNEAL, Aurora Police Officer, in his individual capacity, and
JOSE ORTIZ, Aurora Police Officer, in his individual capacity,

    Defendants.

## PROTECTIVE ORDER

This matter is before the court on the parties' Joint Motion for Protective Order. [Doc. No. 47.]  The motion is GRANTED.  The following is and shall be the Protective Order which controls in this matter.

Pursuant to Joint Motion for Entry of Protective Order, the Court finds that good cause exists pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of this Protective Order, and that this Order will expedite disclosure of information and production of documents protected by privilege or statute, preserve the confidentiality of such information, protect privacy interests of parties and non-parties, and help to avoid potential discovery disputes relating to information that is designated confidential.

1. This Protective Order shall apply to documents, materials, evidence, and information, including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, as allowed or limited by language herein below.

2. This Protective Order shall apply to documents, files or portions of files, materials, information and electronic records, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential"pursuant to the terms of this Protective Order by one of the Parties and/or any Third Party subject to the disclosure or discovery duties created by the Federal Rules of Civil Procedure in this matter.

3. "Confidential Information," includes, but is not limited to:

A. "Protected Health Information," defined as any non-public document, record, files or portions of files, material, electronically stored information, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, containing information relating to the past, present, or future physical or mental health condition of any patient, as well as the patient's name, address, birth date, admission date, Discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information and insurance account number, and designated "Confidential" in the manner provided herein;

B. Information that is confidential and implicates common law and statutory privacy interests of any Party and/or Third Party subject to the disclosure or discovery duties created by the Federal Rules of Civil Procedure in this matter, including current and former

employees of the Aurora Police Department and the City of Aurora, the Parties' and/or their representatives' personnel files, and internal affairs investigation files; *see, e.g.*; COLO. REV. STAT. 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer,* 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.*, 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); *Everitt v. Brezzel,* 750 F.Supp. 1063 (D.Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980).

    4. A Party, Third Party, or counsel who provides, serves, discloses or files any non-public documents or information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic Confidential Information as defined herein may designate such documents or information in good faith as "Confidential." The documents or information so designated shall be deemed "Confidential Information" subject to this Protective Order.

    5. Responses to discovery requests are designated as Confidential by imprinting the word "Confidential" next to or above the response.

    6. Confidential documents and materials shall be subject to the following restrictions. Confidential Information shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the Party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

        A. attorneys actively working on this case;

B. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

C. the parties and representatives of the parties;

D. expert witnesses and consultants retained in connection with this proceeding, but only to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

E. the Court and its employees ("Court Personnel");

F. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

G. deponents who execute the attached Exhibit A;

H. other persons by prior written agreement of the parties who execute the attached Exhibit A;

I. any insurance company representative who has responsibility for a claim related to this lawsuit; and

J. any other person or entity to whom disclosure is required by law, but only upon advance notice of the intent to disclose.

7. Prior to any disclosures under Paragraph 6(g) through (j), the person to whom the Confidential Information is being disclosed must first review a copy of this Protective Order and counsel shall have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments

shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

       8. This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Material. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this Protective Order for their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future and that highly sensitive information not be accessible to the public until such time as the matter is tried.

       9. No documents containing Confidential Material may be reproduced except as needed in the litigation of this action. Any copy of a document containing or summarizing Confidential Information must be stamped "CONFIDENTIAL". The inadvertent, unintentional, or in camera disclosure of Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. Review of Confidential Information by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production.

       10. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order. Confidential Information shall not be disclosed,

revealed, or used for any purpose except the preparation and trial of this case. These restrictions shall be strictly construed.

11. Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential." Information already disclosed in initial disclosures, supplemental disclosures, or in responses to written discovery may be stamped or designated in writing as Confidential by one party after full disclosure has been given to all non-designating counsel that such designation will take place.

12. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain Confidential Information shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

13. A party may object to the designation of a document as Confidential Material by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling

from the Court whether the disputed information should be deemed Confidential Material. The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Material.

14. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action. The Parties will not use or share information of Confidential Material for any other matter. Physical copies of Confidential Material will, at the conclusion of the case, either be destroyed or be placed in a sealed box or envelope with a copy of this protective order attached. The parties may maintain an electronic copy of Confidential Material so long the electronic copy is stored on an external hard drive in a password-protected folder. No person may be given access to the folder's password unless that person has accepted the terms of the protective order. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

15. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and 7.3. A party contemplating filing Confidential Information protected by this Protective Order to the Court must file a motion pursuant to the local rule seeking an Order that the document be filed under seal and attempt to secure an order of the Court to file under seal.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents or information sought, including any objection based on statutory privilege, statutory prohibition or common law privilege.

**SO ORDERED** this 26th day of March, 2018.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge